GOVERNMENT OF THE VIRGIN ISLANDS

v.

**ELRIDGE VENZEN, Appellant**

No. 18036

United States Court of Appeals

Third Circuit

Argued January 29, 1970

Decided March 23, 1970

ALBERT A. SHEEN, ESQ. (HODGE & SHEEN), Christiansted, St. Croix, Virgin Islands, *for appellant*

ROBERT M. CARNEY, ESQ., United States Attorney, St. Thomas, Virgin Islands, *for appellee*

Before HASTIE, *Chief Judge*, and GANEY and STAHL,[*] *Circuit Judges*

OPINION OF THE COURT

PER CURIAM:

A jury found the appellant guilty on all three counts of an information charging that he passed three forged checks on separate occasions. The judgment of conviction imposed consecutive sentences of seven years on each count, and directed that the Board of Parole not consider release on parole until the expiration of ten years of imprisonment. On this appeal both the conviction and the sentence are challenged.

 To establish a violation of the applicable statute, the government had to prove that the appellant passed forged checks with knowledge of their falsity and intent to defraud. 14 V.I.C. § 791(2) (1964). The conviction is attacked on the ground that the judge's charge to the jury, while requiring proof of "passing and getting cashed checks which [the defendant] knew were forged, with intent to defraud," did not specify as a separate issue the question whether the checks were forged.[1] Since no objection was made at the trial to bring this purported omission to the attention of the trial judge, Rule 30 of the Federal Rules of Criminal Procedure prevents us from considering it unless it constituted plain error affecting substantial rights under Rule 52(b). In the circumstances of this case, where the appellant admitted cashing the

---

[*] Judge Stahl heard the argument and participated in the consideration of this appeal but died before decision.

[1] The judge did advert to the issue of forgery in the following manner: "The government contends, and through direct evidence, if you believe it . . . that this defendant had checks and had the opportunity to do what he is charged with doing, either himself or have someone else forge them and that he passed them as good. And they have also shown, toward the matter of intent, practicing of forging of checks."

checks, the statutory issues of forgery, knowledge of forgery, and intent to defraud naturally tended to merge. But nothing in the instructions indicated that the jury was to assume that the checks were forged, and unless the jury found forgery, it could not have concluded either that the appellant knew the checks were forged or that he intended to defraud. See Gicinto v. United States, 8th Cir. 1954, 212 F.2d 8, 11, cert. denied, 348 U.S. 884. We are satisfied that the charge as given was not so potentially prejudicial as to require a corrective reversal under Rule 52 (b).

■ ■ The sentences in this case constitute a harsh aggregation. The appellant was sentenced to imprisonment for 21 years for passing forged checks in the amounts of $42, $68, and $68. Yet these sentences are substantially less severe than the maximum punishment of 30 years that could have been imposed lawfully under 14 V.I.C. § 791 (1964). We cannot say that cruel and unusual punishment has been inflicted in violation of either the Constitution of the United States or the Organic Act of the Virgin Islands. Neither are we prepared to depart from the position, recently reaffirmed in a similar case arising in the Virgin Islands, that we have no power to review sentences imposed within the limits determined by the legislature. See Virgin Islands v. Turner, 3d Cir. 1968, 6 V.I. 659, 409 F.2d 102, 104.[2]

■ Different considerations are raised by that part of the sentence that postpones eligibility for parole until after ten years of imprisonment. The applicable parole statute provides:

---

[2] Speaking with reference to a possible reduction of a sentence, the Supreme Court has found it appropriate to make "gentle intimations of the necessity for such action, to the District Court." See Yates v. United States, 1958, 356 U.S. 363, 366 (per curiam). Here we merely point out that our disposition of this appeal does not preclude invocation of the sentencing court's discretion by a motion under Rule 35. See Government of the Virgin Islands v. Turner, supra at 104.

491

"Every prisoner confined in . . . the Virgin Islands for a definite term or terms of over 180 days . . . [whose conduct has been good] may be released on parole after serving one-third of such term or terms or after serving 10 years of a life sentence or of a sentence of over 30 years; Provided, however, That the Board of Parole, in its discretion . . . and subject to the approval of the Governor, is authorized to fix an earlier eligibility date . . . ." 5 V.I.C. § 4601 (Supp. 1970).

Under this statute, the appellant would have become eligible for parole after seven years or less, rather than ten. In undertaking to deprive the Board of Parole of the discretion the legislature has vested in that agency, the sentencing judge exceeded his powers. If the trial had taken place in a federal court within the continental United States, the action of the judge would have been illegal under the federal parole statute, which authorizes the judge to "designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole," but provides that the designated term "may be less than, but shall not be more than one-third of the maximum sentence imposed by the court . . . ." 18 U.S.C. § 4208(a)(1) (1964). Moreover, we have made it clear that in the absence of a minimum term before eligibility designated in accordance with this section, "[t]he determination of a parole eligibility date for a federal prisoner is . . . wholly within the discretion of the Parole Board." United States v. Frederick, 3d Cir. 1968, 405 F.2d 129, 133 (per curiam).

Accordingly, so much of the judgment as undertakes to postpone the time when the appellant will be eligible for parole must be stricken. Otherwise, the judgment will be affirmed.