**GOVERNMENT OF THE VIRGIN ISLANDS**

**v.**

**ANGEL LUIS VENTURA, Appellant**

D.C. Crim. No. 147-1971

United States Court of Appeals

Third Circuit

Argued February 2, 1973

Filed April 4, 1973

EDWARD J. OCEAN, ESQ., Christiansted, St. Croix, V.I., *counsel for appellant*

JULIO A. BRADY, ESQ., Assistant United States Attorney, Christiansted, St. Croix, V.I., *counsel for appellee*

Before VAN DUSEN, ROSENN and HUNTER, *Circuit Judges*

PER CURIAM:

Defendant was convicted by a jury of two counts of having sold heroin in violation of 19 V.I.C. § 604(a), and was sentenced to a term of ten to fifteen years on each count, to be served consecutively. He appeals this sentence. The principal witness against defendant was Carlos Encarnacion, a former addict turned informer, who testified that he made the purchases from defendant on October 9 and 10, 1971. Police officers testified that on two occasions they had searched Encarnacion, given him money, followed him to building 38 in the DeChabert Project, had seen him enter and later leave, searched him again, and found heroin. The police did not, however, witness the sales themselves, which Encarnacion testified took place in apartment 242.

After close examination of the record and consideration of the briefs and oral arguments of counsel, we reject the defendant's contentions (1) that the Government should have endorsed the names of three persons on the information and produced at trial such three persons whom Encarnacion said were present at one or the other sale, and, at the least, should have informed defendant of the witnesses it intended to call and not to call,[1] (2) that the Government's cross-examination of the defendant as to prior drug usage was improper, (3) that the

---

[1] The Federal Rules of Criminal Procedure apply to the District Court of the Virgin Islands, see Rule 54(a), and these rules do not adopt the practice of some states to require the prosecution to endorse on the information and produce witnesses. It does not appear in the record that defendant requested a bill of particulars pursuant to Rule 7; and, even if he had, he would not have been entitled to a list of the Government's witnesses. See United States v. Addonizio, 451 F.2d 49, 63–64 (3d Cir. 1972).

We also note that Encarnacion was the first witness to testify on the second day of trial. It does not appear that defendant made any attempt to effect compulsory process under F. R. Crim. P. 17 to secure the persons Encarnacion testified were present during the purchases or requested a continuance to permit him to do so. It is further noted that two of such persons named by Encarnacion were cousins of the defendant, see N. T. 2.23.

district court erred in admitting into evidence prior consistent statements of Encarnacion,[2] (4) that the district court erred in not allowing Encarnacion to be recalled by defendant solely for impeachment purposes, (5) that the Government did not challenge statements of Encarnacion as to whether he had had a drug overdose, which the Government allegedly knew to be false,[3] (6) that Encarnacion's testimony was incompetent,[4] (7) that the trial court should have given sua sponte a stronger cautionary instruction regarding Encarnacion's testimony than the instruction given, (8) that the evidence was insufficient to establish guilt beyond a reasonable doubt, and (9) that the defendant's sentence constituted cruel and unusual punishment.[5]

The judgment and commitment of January 28, 1972, will be affirmed.

---

[2] The Government offered these statements to rebut a suggestion of defense counsel during the trial that they had been altered, see N. T. 2.69. When the Government offered them, defense counsel said, "No objection." N. T. 2.70.

[3] In his opening statement, the Government prosecutor stated that Encarnacion had been convicted of forgery and had been a drug addict. Transcript of Opening Statements at 6. On direct examination of Encarnacion, the Government brought out that he had been an addict for four years and had stolen in order to pay for his $60.00–$70.00 a day habit. N. T. 2.4–8. Moreover, defense counsel repeatedly referred to testimony at the earlier trial of Angel DeJesus, when it had been developed that Encarnacion had been hospitalized for an overdose sometime in November 1971. See, e.g., N. T. 1.39, 1.54, 2.32–.33, 2.82. Although Encarnacion's testimony in this case about the overdose was at best evasive, see N. T. 2.32–.33, under these circumstances we cannot say that the Government intended to conceal information about the overdose or had any reason to believe that defense counsel was unaware of such information.

[4] For a discussion of the treatment by the fact-finder of the testimony of an addict-informer, see this court's recent opinion in Government of the Virgin Islands v. Hendricks, 476 F.2d 776, No. 72-1911 (3d Cir. 1973).

[5] Since the evidence justified the court in concluding that the defendant testified falsely, and the 20- to 30-year sentence is less than the 30-year permissible maximum, review of the record and the pre-sentence report supports the conclusion that such sentence does not constitute cruel and unusual punishment. See Government of the Virgin Islands v. Venzen, 424 F.2d 521, 523 (3d Cir. 1970). Defendant may apply for reduction of sentence upon remand of the case to the district court. See F. R. Crim. P. 35.