Walter Weaver **ROBERTSON**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 17323.

United States Court of Appeals
Fifth Circuit.

Feb. 26, 1959.

Samuel P. Love, Shreveport, La., for appellant.

T. Fitzhugh Wilson, U. S. Atty., Shreveport, La., E. V. Boagni, Asst. U. S. Atty., Shreveport, La., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

RIVES, Circuit Judge.

The indictment contained three counts. The first count[1] charged the defendant with aiding and abetting three other men, Thompson, Creech and Boyett, in the theft of certain goods constituting part of an interstate shipment. The second count[2] charged him with receiving twelve pairs of men's dress trousers of a value less than $100, a part of the interstate shipment referred to in Count 1, when he knew that said trousers had been stolen. The third count[3] charged him with receiving a spinning reel stolen from an interstate shipment while knowing that it had been stolen.

Thompson, Creech and Boyett had pleaded guilty and had been placed on probation. Each of them testified against the defendant. The jury found him guilty on the second count and not guilty on the first and third counts. The court sentenced him to imprisonment for six months.

Upon appeal, he does not question the sufficiency of the evidence to sustain his

1. Under 18 U.S.C. § 2(a) and § 659.

2. Under 18 U.S.C. § 659.

3. Also under 18 U.S.C. § 659.

conviction but insists at length upon many specifications of error covering various rulings on procedure. We find none of them to warrant reversal and affirm the judgment. Some of appellant's contentions are almost frivolous. We shall undertake briefly to refer to each of them that has any substance whatever.

■ 1. Motion for bill of particulars. Under Rule 7(f), Federal Rules of Criminal Procedure, 18 U.S.C., the district court "for cause *may* direct the filing of a bill of particulars" (emphasis added). Its action on such a motion is within its sound discretion. In this case, there was clearly no abuse of discretion.

■ 2. Motion to compel election. The contention is that appellant cannot be convicted as a principal in the theft and additionally be convicted of receiving property stolen in the theft. It is not necessary for us to hold that principle inapplicable to a case where the defendant is a principal under the statute, 18 U.S.C. § 2(a), only because he aided and abetted the commission of the offense.[4] Here, the defendant was convicted of but one offense. It does not appear that he was prejudiced by a joinder of other offenses in the indictment. Rule 14, Federal Rules of Criminal Procedure.

■ 3. Motion for production and inspection of documents. Copies of written statements obtained by F.B.I. agents from Government witnesses Thompson, Creech, Boyett, and Rutherford were furnished counsel for defendant as each witness was examined and immediately following the conclusion of his direct examination. That is what the statute requires. 18 U.S.C.A. § 3500. After the statements were so furnished, counsel for the defendant did not request additional time for their perusal and study.

■ 4. F.B.I. Agent and Deputy Marshal excused from the Rule. This was, of course, within the district court's

discretion, and there was no abuse of discretion. Bostwick v. United States, 5 Cir., 1955, 218 F.2d 790, 792.

■ 5. Admission into evidence of waybills and check not properly authenticated. These documents were records kept in the regular course of business and were properly admitted. 28 U.S.C.A. § 1732. The case of Masterson v. Pennsylvania R. Co., 3 Cir., 1950, 182 F.2d 793, relied upon by appellant, was, we think, properly distinguished, if not disapproved, by the Second Circuit in Korte v. New York, N. H. & H. R. Co., 2 Cir., 1951, 191 F.2d 86, 91.

6. Attack on credibility of witnesses for defendant.

7. Cross-examination of accused as to other property stolen.

8. Permitting rebuttal testimony as to matters raised on cross-examination. These rulings were, we think, proper, and, in any event, under the evidence in this case, they should be disregarded as not affecting substantial rights of the defendant. Rule 52(a), Federal Rules of Criminal Procedure.

■ 9 and 10. Refusal to suspend sentence, and imposition of sentence. We find no error. The statute authorized imprisonment for more than the six months imposed. 18 U.S.C.A. § 659. Without indicating any views of this Court, for the matter is one to be passed on by the district court, we call attention that within sixty (60) days after receipt of the mandate of affirmance, the district court has the opportunity to review and reconsider the six-months' sentence and, in its discretion, to reduce that sentence or to place the defendant on probation the same as those participants in the crime who pleaded guilty. Rule 35, Federal Rules of Criminal Procedure.

The judgment is

Affirmed.

---

4. See Aaronson v. United States, 4 Cir., 1949, 175 F.2d 41; United States v.

Anthony, D.C.Pa.1956, 145 F.Supp. 323, 339.