UNITED STATES of America,
Plaintiff-Appellee,

v.

Frank James FRICKS, Defendant-
Appellant.

No. 26554.

United States Court of Appeals
Fifth Circuit.

March 26, 1969.

---

Salvadore T. Mule, New Orleans, La., for defendant-appellant.

Louis LaCour, U. S. Atty., Horace P. Rowley, III, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before THORNBERRY and DYER, Circuit Judges, and FISHER, District Judge.

PER CURIAM:

Appellant was convicted by a jury for theft of rifles from an interstate shipment in violation of 18 U.S.C. § 659, and sentenced to two years in prison. In this appeal, appellant alleges that the trial court erred in the admittance of certain documents without which the government's case would fail because of insufficient evidence; further, that the evidence is insufficient to prove the crime as charged in the indictment; and, in refusing to declare a mistrial when it was discovered that one of the jurors was a friend of a key witness for the government.

■ We find none of the contentions of appellant to be meritorious. The documents in question offered by the government dealt with the inventory sheets of the proposed shipper of the rifles in California and the gun dealer in Alabama to whom the rifles were to be delivered, and a copy of the inventory of the New Orleans Police Department inventorying the rifle shipment. The objection of appellant to the introduction of the documents could only go to the weight rather than admissibility of the evidence, and such documents are admissible under 28 U.S.C. § 1732(a).[1] Robertson v. United States, 263 F.2d 872 (5th Cir., 1959); West Coast Fast Freight v. United States, 205 F.2d 249 (9th Cir., 1953). The evidence is unquestionably sufficient to prove that the stolen rifles were part of an interstate shipment from California to Alabama via New Orleans, and there exists no material variance between the proof offered and the averments of the indictment. Berger v. United States, 1935, 295 U.S. 78, 55 S.Ct. 679, 79 L.Ed. 1314; Ness v. Culbertson, 406 F.2d 621, 5th Cir. 1969.

■ The trial judge did not abuse his discretion in refusing to declare a mistrial when it was discovered midway of the trial that one of the jurors was a casual friend of a witness for the government. The witness's credibility was not an issue, the relationship was characterized as casual and no prejudice was

1. 28 U.S.C. § 1732(a)—Federal Business Records Act

In any court of the United States and in any court established by Act of Congress, any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of such act, transaction, occurrence, or event, if made in the regular course of any business, and if it was the regular course of such business to make such memoran-

dum or record at the time of such act, transaction, occurrence, or event or within a reasonable time thereafter.

All other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but such circumstances shall not affect its admissibility.

The term "business," as used in this section includes business, profession, occupation, and calling of every kind.

shown to the appellant. Only a clear abuse of discretion will justify reversal of a conviction. United States v. Sferas, 210 F.2d 69 (7th Cir., 1954).

Affirmed.