Marion S. **PATTERSON**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 25918.

United States Court of Appeals Fifth Circuit.

June 16, 1969.

Charles D. Read, Jr., Jones & Read, Atlanta, Ga., for appellant.

Robert L. Smith, Asst.U.S.Atty., Charles L. Goodson, U.S.Atty., Atlanta, Ga., for appellee.

Before RIVES, BELL and DYER, Circuit Judges.

PER CURIAM:

Patterson and two co-defendants were indicted for the unlawful possession of certain rifles and shotguns described by serial numbers, knowing the same to have been embezzled or stolen.[1] The indictment was in two counts referring to different interstate shipments. One defendant, McCain, pleaded guilty and testified against the other two against whom verdicts of guilty on both counts were returned. Patterson alone appeals. Arguing some twenty-two specifications of error, Patterson attacks the admissibility of certain evidence, the charge of the court, and the sufficiency of the evidence. We have carefully considered each of the claimed errors and find no reversible error.

I. Admissibility of Evidence.

■ Documents showing the shipping of the guns described were admitted without objection, but serious objections were urged to the introduction of handwritten notations on delivery receipts of serial numbers which included the numbers of the guns described in the indictment. A claims adjuster for the carrier testified that these serial numbers were obtained during the course of investigations of the loss and were a part of the records required by the Interstate Commerce Commission to be preserved. They were not mere hearsay information collateral to an investigation for the purposes of the trial of any case. *See* Palmer v. Hoffman, 1943, 318 U.S. 109, 115, 63 S.Ct. 477, 87 L.Ed. 645; Williams v. United States, 10 Cir. 1963, 323 F.2d 90, 95. We hold that the notations on Government Exhibits 3 and 4 were admissible as records made in the regular course of business and that the circumstances of their making affected their weight rather than their admissibility. *See* 28 U.S.C. § 1732; United States v. Fricks, 5 Cir. 1969, 409 F.2d 19; 1 Wharton's, Criminal Evidence, §§ 267–69, pp. 606–11.

■ Patterson also questions the propriety of some testimonial evidence elicited from witness Chandler. One objection is that the prosecutor went beyond the proper scope of cross-examination in questioning Chandler about his being on probation. The record shows that Chandler himself opened the door to this examination by testifying on direct that "I'm not under Federal probation or anything. I'm not charged with anything." We hold that the prosecutor's cross-examination was entirely consistent with the scope of the direct examination. Roberson v. United States, 5 Cir. 1957, 249 F.2d 737, 741. *Accord:* Pinkney v. United States, 5 Cir. 1967, 380 F.2d 882.

■ Finally, we note that the questions of admissibility of testimonial or documentary evidence were not sufficiently prejudicial to the integrity of the fact determination process to rise out of the category of harmless error. *See* Rule 52, Fed.R.Crim.P., 28 U.S.C.A.;

---

1. In violation of 18 U.S.C. § 659.

Kotteakos v. United States, 1946, 328 U. S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557.

## II. The Judge's Charge.

Appellant acknowledges that "some federal cases have held that a charge to the jury [that] they should or must consider the interest of an accused in the verdict has been upheld. U. S. v. Sullivan (2nd Cir.) 329 F.2d 755; Caldwell v. United States (8th Cir.) 338 F.2d 385." Nevertheless, appellant argues for a more restrictive rule that such consideration of the accused's interest is merely permissive. We agree with the two federal cases cited by the appellant, and think that they are in accord with Reagan v. United States, 1895, 157 U.S. 301, 311, 15 S.Ct. 610, 39 L.Ed. 709. In any case the charge to the jury, when considered as a whole, exhibits no reversible error. *See* Johnson v. United States, 1943, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704 (Frankfurter, J., concurring). *Cf.* Bearden v. United States, 5 Cir.1968, 403 F.2d 782, 787.

As to other judicial commentary, which the appellant contends prejudiced his trial, we find no reversible error. We note only that it is beyond dispute that a trial judge may take an active role in a trial to guarantee that substantial justice is done. He cannot be forced to occupy a passive position as moderator between the disputants. *See* Kyle v. United States, 5 Cir. 1968, 402 F.2d 443, 444.

## III. Sufficiency of Evidence.

The evidence against Patterson came almost entirely from McCain. The testimony showed that, of the guns described in the indictment, McCain sold one and Shackleford (another defendant) sold the others to innocent purchasers. Patterson admitted receiving money from McCain but denied that it had anything to do with the guns. Simply stated, the jury discredited Patterson's testimony and chose to believe the testimony of an alleged accomplice. It is well settled that such testimony can be the basis for a conviction. Caminetti v. United States, 1917, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442; Stewart v. United States, 5 Cir. 1969, 412 F.2d 818 at note 1; United States v. Marpes, 3 Cir. 1952, 198 F.2d 186, 188. After carefully reading the transcript of evidence, we are convinced that the question of sufficiency was for the jury, and we cannot review its credibility determinations. *See* Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680.

Having considered all the claimed errors, we find that none of them warrant reversal of this conviction.

Affirmed.