**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**James Richard SIKES et al.,**
**Defendants-Appellants.**

**No. 72–1067.**

United States Court of Appeals, Fifth Circuit.

July 3, 1972.

See also 5 Cir., 456 F.2d 1290.

dressed in dark business suits, wearing dark glasses, hats and makeup to disguise their features. The robbery occurred in broad daylight.

The defendants with two other men now deceased were tried and convicted for their participation in the robbery of a federally insured bank, 18 U.S.C. § 2113(a) and (d). On appeal they challenged the sufficiency of the evidence and the method by which in court identification of defendants Sikes and Jenkins was obtained.

The prosecution evidence consisted of the testimony of the bank's president, three employees of the bank, a customer in the bank at the time, and several witnesses who observed and identified the defendants in the area before the robbery. The key testimony, however, was that of an accomplice, Mary Marquis.

Defendant Jenkins was identified in the courtroom by the bank customer whom he held at gunpoint during the robbery. A bank employee identified one of the deceased defendants as the man who had held her at gunpoint. A passer-by, who had seen the gunmen before they entered the bank, identified defendants Jenkins and Sikes. Defendant Sanders was not identified.

The jury was properly instructed by the trial judge as to the weight to be given accomplice testimony. Patterson v. United States, 413 F.2d 1001 (5th Cir., 1969); Tillery v. United States, 411 F.2d 644 (5th Cir., 1969). The testimony of Mary Marquis, if believed by the jury beyond a reasonable doubt, United States v. Stanley, 433 F.2d 637 (5th Cir., 1970); United States v. Jones, 425 F.2d 1048 (9th Cir., 1970), cert. den. 400 U.S. 823, 91 S.Ct. 44, 27 L.Ed.2d 51, was, when coupled with the facts and description of the commission of the robbery, itself sufficient to convict all four of the defendants then on trial. Marquis testified that she had lived with defendant Sikes and had participated with the four defendants in the planning of a bank robbery to be committed by men dis-

Bradley C. Miles, San Angelo, Tex. (Court Appointed), for Sikes.

Tom Webb, San Angelo, Tex. (Court Appointed), for Jenkins.

Melvin N. Gray, San Angelo, Tex. (Court Appointed), for Sanders.

Eldon B. Mahon, U. S. Atty., John Truelson, Asst. U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before DYER, Circuit Judge, SKELTON, Judge,* and INGRAHAM, Circuit Judge.

INGRAHAM, Circuit Judge:

On or about June 11, 1970 the First State Bank of Bangs, Texas, was robbed of over $20,000 by four armed men

* Hon. Byron G. Skelton, U.S. Court of Claims, sitting by designation.

guised in dark suits, hats, facial makeup and dyed hair. The plan, she testified, was that after the robbery the four actual robbers would meet with defendant Sanders in a place where he had stashed another car and that they would there transfer to the other car, leaving the stolen get-away car wiped clean. She testified that on the morning of the robbery of the First State Bank of Bangs, Texas, she assisted Sikes and Jenkins in costuming themselves in the manner planned. With respect to defendant Sanders, she testified that he was to drive a switch car, thereby enabling the defendants to abandon their stolen get-away car and escape detection.

As onerous and danger fraught as accomplice testimony may be, it was here sufficient to convict if the jury believed it beyond a reasonable doubt. Although defendant Sanders is not connected to the robbery and assault by extrinsic evidence, the testimony of Mary Marquis, corroborated in its material details by witnesses to the fact of the offense and the execution of the plan to escape detection, was apparently sufficient for the jury to conclude his guilt beyond a reasonable doubt. In reviewing the court's denial of his motion for judgment of acquittal, we must view the evidence in the light most favorable to the Government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). We conclude on this record[1] that the jury could properly convict defendant Sanders for his participation.

■ Defendants Jenkins and Sikes direct the principal thrust of their arguments on appeal against the in court identification rendered against them by witnesses Thomason, who had been transacting business in the bank at the time of the robbery, and Binion, who had observed the oddly dressed defendants before the robbery. Both Thomason and Binion had been exhibited photographs some nine months after the commission of the robbery, a point in time when the defendants were in jail on a state charge but before the indictments in this case had been returned. Jenkins and Sikes attack the in court identification on two grounds: (1) that the photographs themselves were impermissibly suggestive, and (2) that the photographs were used at a point in time when they were not represented by counsel and counsel was not present for the photographic identification. Their second contention has been specifically considered and rejected by this Court. United States v. Ballard, 423 F.2d 127 (5th Cir., 1970); Powell v. Wainwright, 460 F.2d 1056 (5th Cir., 1972; Bueno v. Beto, 458 F.2d 457 (5th Cir., 1972). The District of Columbia Circuit sitting en banc has recently disagreed. United States v. Ash, 461 F.2d 92.

The Supreme Court in Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L. Ed.2d 411 (1972), has recently refused to extend the *Wade-Gilbert* rule to investigatory showups before formal charges had been filed against the defendants. We do not believe the Supreme Court intends a per se rule or invites the unsubtle avoidance of *Wade-Gilbert* by the expediency of the deferral of formal proceedings. The photographic identification at issue occurred nine months after the offense and while the defendants were in state custody on an unrelated offense. The record before us is devoid of anything but the merest suggestion that the allegedly suggestive photographic identification procedures were substituted for the protective *Wade-Gilbert* line-up.

■ Defendants Sikes' and Jenkins' first contention revolves about the content of the photographs themselves and does not attach the method of photo presentation as being the suggested element. United States v. Sutherland, 428

1. Sanders argues that during a portion of his trial he was exhibited to the jury in jail clothes. See Hernandez v. Beto, 443 F.2d 634 (5th Cir., 1971); and Garcia v. Beto, 452 F.2d 655 (5th Cir., 1971). The record, however, does not reflect that Sanders was so garbed.

F.2d 1152 (5th Cir., 1970). It is the content, not the context, which Sikes and Jenkins urge as suggestive. Compare Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). An examination of the photographs reveals a series of publicity stills taken of the defendants while members of a band performing at the ninetieth anniversary of the death of the outlaw Sam Bass at Round Rock, Texas. They appear suitably costumed for the occasion.

Yet as *Simmons* teaches:

"It must be recognized that improper employment of photographs by police may sometimes cause witnesses to err in identifying criminals. A witness may have obtained only a brief glimpse of a criminal, or may have seen him under poor conditions. Even if the police subsequently follow the most correct photographic identification procedures and show him the pictures of a number of individuals without indicating whom they suspect, there is some danger that the witness may make an incorrect identification. The danger will be increased if the police display to the witness only the picture of a single individual who generally resembles the person he saw, or if they show him the pictures of several persons among which the photograph of a single such individual recurs or is some way emphasized. The chance of misidentification is also heightened if the police indicate to the witness that they have other evidence that one of the persons pictured committed the crime. Regardless of how the initial misidentification comes about, the witness thereafter is apt to retain in his memory the image of the photograph rather than that of the person actually seen, reducing the trustworthiness of subsequent lineup or courtroom identification.

"Despite the hazards of initial identification by photograph, this procedure has been used widely and effectively in criminal law enforcement, from the standpoint both of apprehending offenders and of sparing innocent suspects the ignominy of arrest by allowing eyewitnesses to exonerate them through scrutiny of photographs. The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error. We are unwilling to prohibit its employment, either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement. Instead, we hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. This standard accords with our resolution of a similar issue in Stovall v. Denno, 388 U.S. 293, 301–302, 87 S.Ct. 1967, 1972–1973, [18 L.Ed.2d 1199] and with decisions of other courts on the question of identification by photograph."

Simmons v. United States, 390 U.S. at 383, 384, 88 S.Ct. at 971. Compare United States v. Driscoll, 454 F.2d 792 (5th Cir. 1972).

The record here reveals that while both Thomason and Binion had been exhibited photographs, they did make their identification on the basis of courtroom examination. Moreover, Thomason had been held at gunpoint by the defendant whom he identified. Similarly, one of the deceased defendants was identified by a bank employee he had held at gunpoint. The identification witnesses were subjected to a vigorous cross-examination by counsel. Using the photographs at issue, the jury was urged that the identification could well have been based on the photographs. The decision in this respect was the jury's. United States v. Rogers & Kent, 455 F.2d 407 (5th Cir., 1972); United States v. Wilson, 451 F.2d 209 (5th Cir., 1971);

United States v. Musquiz, 445 F.2d 963 (5th Cir., 1971); Rumfelt v. United States, 445 F.2d 134 (7th Cir., 1971).

The judgment of the district court is affirmed.