Frank D. McCown, U. S. Atty., Wayne Hughes, Asst. U. S. Atty., Fort Worth, Tex., for respondent.

**Thomas D. JENKINS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 6–323.**

United States District Court,
N.D. Texas,
San Angelo Division.

Sept. 17, 1973.

MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE SENTENCE

ESTES, Senior District Judge.

On November 18, 1971, petitioner was convicted by a jury of armed robbery of the federally insured First State Bank of Bangs, Texas, in violation of 18 U.S. C. § 2113(a) and (d), and on December 2, 1971, he was sentenced by this court to an indeterminate sentence of 25 years' imprisonment, to become eligible for parole at such time as the Board of Parole should determine, under 18 U.S. C. § 4208(a)(2). That conviction was affirmed on appeal. United States v. Sikes et al., 463 F.2d 540 (5th Cir.),

cert. denied, 409 U.S. 951, 93 S.Ct. 296, 34 L.Ed.2d 223 (1972).

Petitioner has filed a motion pursuant to 28 U.S.C. § 2255 seeking to have his sentence vacated. He claims that in his sentencing this court considered a previous Florida state court conviction of petitioner which was invalid because he was not represented in that case by counsel. Reliance is placed upon the retroactive application of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Petitioner asserts that this court must reconsider the sentence imposed because his allegedly invalid Florida conviction was included in the presentence report, citing United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

The pleadings and papers filed do not reflect that petitioner's Florida state court conviction has been determined to be invalid. The government filed a motion for a more definite statement calling for pleading of any court records or judicial determinations, through direct appeal or collateral action, dealing with the validity of this conviction. On June 4, 1973, the government's motion was granted and petitioner was ordered to supply the information within 30 days.* Petitioner has not responded to this order. On June 16, 1973, the government filed its motion to strike the pleadings because of petitioner's failure to obey the Order for More Definite Statement. Under these circumstances, Rule 12(e) of the Federal Rules of Civil Procedure provides that "the court may strike the pleading to which the motion was directed or make such order as it deems just." However, in view of the disposition which we make of petitioner's § 2255 motion, it is not necessary that we determine the government's motion to strike petitioner's pleading.

In United States v. Tucker, the Supreme Court held that if a defendant is sentenced by a judge who gives consideration to a prior conviction which is later proven to be unconstitutional and void, then the judge must resentence the defendant without considering that conviction. Guidance for the application of United States v. Tucker has been given by the Fifth Circuit in Lipscomb v. Clark, 468 F.2d 1321, 1323 (1972):

" . . . [T]he following procedures by the district court would be appropriate. First, the district court should review the records involved in this conviction and determine if, treating the state convictions alleged to have been unconstitutional as void and thus not to be considered in sentencing, the . . . maximum sentence would still be the appropriate sentence based on the records of the trial and petitioner's adjusted conviction record . . . If the district court finds that the maximum sentence would still be appropriate, an order so setting forth would seem sufficient to comply with the requirements of *Tucker*. If, on the other hand, the district court finds that should these prior convictions be proven unconstitutional and void that the maximum sentence would not be appropriate, then it should grant petitioner an evidentiary hearing and allow him to present evidence on his claim that the prior convictions in question were unconstitutional due to *Gideon*. If the district court is convinced of the validity of petitioner's allegations after such a hearing, it may then properly resentence. Such a procedure seems best designed to fully protect petitioner's rights."

In accordance with this procedure, this court has made a thorough review of the record of this conviction. Petitioner and the three other defendants in this case were members of a travelling dance band that appeared in various Texas communities. All of the defendants were shown to have records of arrests and convictions for misdemeanors and felonies varying in number and

---

* This order was entered before the § 2255 motion was assigned to this court because it imposed the sentence here challenged.

gravity, including another bank robbery with firearms mentioned below.

Petitioner was 31 years old at the time of trial. The presentence report of the probation officer, which was presented at sentencing, revealed the following facts about petitioner's criminal record. He had been handled twice by juvenile authorities in Lansing, Michigan, and committed for six months for delinquency. On November 14, 1955, he was arrested for attempted theft in Brighton, Colorado. On April 24, 1957, he was arrested in a sleeper in St. Petersburg, Florida, but was released. On May 20, 1957, he was arrested at St. Petersburg for investigation of auto theft, attempted robbery, and breaking and entering. On July 17, 1957, he was convicted of armed robbery and auto theft. He was sentenced to five years' imprisonment for armed robbery and three years for auto theft. It is this conviction which petitioner asserts is unconstitutional because he was not represented by counsel. On April 17, 1963, he was arrested for failure to support in Kalispell, Montana, but was found not guilty. On May 28, 1970, he was arrested in Abilene, Texas, and fined $10 for being drunk in public. Immediately prior to the trial in this case, petitioner, two other defendants in this case, and another individual were convicted in state court of the armed robbery of the First State Bank of Rising Star, Texas. Petitioner appealed that conviction, which was affirmed. Jenkins v. State, 484 S.W.2d 900 (Tex.Cr.App.1972).

The armed robbery of the First State Bank in Bangs, Texas, by petitioner and the other defendants was the result of much deliberate planning and preparation. The evidence shows that prior to the robbery one of the defendants went into the bank and familiarized himself with its floor plan. They planned where to go after the robbery. There was not only a stolen getaway car, but a second car to replace it in a secluded spot. The first getaway car had been carefully washed to eliminate fingerprints, and the defendants wore gloves on the day of the robbery. They dressed in dark business suits, with dark glasses, hats, and dark makeup, including colored hair spray to conceal the color of their hair. They were armed with pistols, and there was testimony that they had acquired a machine gun. The robbery occurred in broad daylight during business hours. It is apparent that this crime represented a grave threat to the safety and security of the community and to the lives of the citizenry.

After consideration of the serious and violent nature of the offense, the backgrounds, the criminal records and activities of each of the defendants, and the facts developed at the trial, all of the defendants were sentenced to an indeterminate sentence of 25 years' imprisonment, to become eligible for parole at such time as the Board of Parole should determine, under 18 U.S.C. § 4208(a)(2). This court is convinced that the sentence imposed was appropriate and would have been passed regardless of whether the Florida conviction was in the record or whether the court knew of any constitutional invalidity, alleged or real. Therefore, a hearing on the validity of the challenged Florida conviction is not necessary.

It is, therefore, ordered and adjudged that the petitioner is entitled to no relief and that his motion is in all respects denied without a hearing as provided by 28 U.S.C. § 2255.