**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Barber Henry McCRAY,
Defendant-Appellant.**

No. 75–2796.

United States Court of Appeals,
Fifth Circuit.

March 18, 1976.

Roland E. Dahlin, II, Federal Public Defender, William W. Burge, Asst. Federal Public Defender, Houston, Tex. for defendant-appellant.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BELL, GODBOLD and RONEY, Circuit Judges.*

BELL, Circuit Judge:

This is an appeal from appellant's conviction on three counts charging violations of 18 U.S.C.A. § 1708, knowing and unlawful possession of stolen mail. The district court suspended imposition of the sentence and placed the appellant on probation for three years.

Appellant was also charged, *inter alia*, in three additional counts alleging violations of 18 U.S.C.A. § 1709, theft of mail. Pursuant to appellant's motion, the theft counts were severed because of the prejudicial effect of certain evidence which would be adduced under them.

Appellant challenges his conviction on two grounds, (1) that the prosecutor's cross-examination of appellant concerning his arrest deprived him of a fair trial; and (2) that the trial judge's supplemental "*Allen* charge" had an impermissibly coercive effect on the jury. Finding no merit in either argument, we affirm.

## I. Cross-Examination of Appellant

On direct examination, the defendant testified as follows:

Q. Was it during this period of time that we are talking about—during this period of time that he testified to?

A. Yes sir. It was during this period of time. *It was not long after that that the Postal Inspector came out and arrested me on my route.* (emphasis supplied)

On cross-examination the prosecutor referred to this admission and elicited from appellant the fact that the arrest had been for theft of mail. Apparently wishing to emphasize the theft charges,

---

* This opinion was concurred in by Judge Bell prior to his resignation from the Court on March 1, 1976.

as distinguished from the possession charges for which appellant was being tried, the prosecutor then created an arguable assignment of error by asking appellant the question here in issue:

Q. Isn't it true, sir, you were arrested for an entirely, completely different crime than you are charged with here today?

Defense counsel objected to the government's question and moved for a mistrial on the ground that, ". . . going into this other case is highly irrelevant and prejudicial." This reference to the other case was to the severed counts. The court sustained the objection, whereupon the government withdrew the question in the presence of the jury. The court denied the motion for mistrial but instructed the jury to disregard the question. The question was never answered.

Appellant urges that the mere asking of the question, which concerned a "completely different crime," was prejudicial to the appellant in the eyes of the jury. The short answer is that he had already testified that he had been told he was being arrested for theft of mail and this was, in fact, a different crime.

In *Odom v. United States*, 5 Cir., 1967, 377 F.2d 853, relied upon by appellant, we reversed where the arresting officer testified that he had seen the defendant in and around the jail for approximately a year and a half. This case presents no such "jailbird" type of prejudice.

The question here posed was within the scope of the direct examination. *Patterson v. United States*, 5 Cir., 1969, 413 F.2d 1001, 1002; *Hayes v. United States*, 5 Cir., 1969, 407 F.2d 189, 193–94. Moreover, the implication of the question, given the previous testimony and the strong proof against appellant, does not rise to that level of prejudice which would warrant reversal. *Cf. Leonard v. United States*, 5 Cir., 1967, 386 F.2d 423, 425.

### II. Allen Charge

There is no merit whatever in the contention that the trial court erred in the giving of the "*Allen* charge." The charge given was substantially identical to that approved in *United States v. Bailey*, 5 Cir., 1973, 468 F.2d 652, *aff'd. en banc*, 1973, 480 F.2d 518. *See United States v. Cheramie*, 5 Cir., 1975, 520 F.2d 325, 331. Unlike the instruction given in *United States v. Duke*, 5 Cir., 1974, 492 F.2d 693, the prefatory remarks of the court here were cautionary and ameliorative.

Affirmed.