[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10851

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2011
JOHN LEY
CLERK

D. C. Docket No. 07-20855-CR-WMH

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

                            versus

NELSON MOREJON,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 11, 2011)

Before EDMONDSON and PRYOR, Circuit Judges, and EVANS,* District Judge.

_____

    * Honorable Orinda Evans, United States District Judge for the Northern District of
Georgia, sitting by designation.

PER CURIAM:

A jury convicted defendant Nelson Morejon of conspiracy to commit and attempted robbery, carrying a firearm during a drug trafficking crime, and possession of a firearm by a convicted felon. He appeals, asserting many errors in the district court's trial rulings and sentencing. We affirm Defendant's conviction, but we vacate his sentence and remand for an evidentiary hearing on the applicability of the Armed Career Criminal Act.

## I. BACKGROUND

Defendant and several co-defendants were charged with conspiracy to possess and attempting to possess with the intent to distribute five or more kilograms of cocaine; conspiracy and attempt to commit robbery in violation of the Hobbs Act; knowingly carrying and possessing firearms in relation to a drug trafficking crime; and being a convicted felon in knowing possession of a firearm. A jury acquitted Defendant of the drug possession charges and convicted him of the other charges.

During the sentencing phase, Defendant raised several objections to the presentence report, including to the application of the Armed Career Criminal Act ("ACCA"). The district court overruled Defendant's objection to the application of the ACCA and sentenced him to 240 months' incarceration, 5 years' supervised release, and payment of a special assessment. This appeal resulted.

## II.  DISCUSSION

### A.

Defendant asserts that the District Court erred by applying the ACCA sentence enhancement. 18 U.S.C. § 924(e)(1) provides that a criminal defendant "shall be . . . imprisoned not less than fifteen years" if the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." Defendant argues that his criminal record does not satisfy the ACCA requirements for two reasons.

First, Defendant argues that the state court judgment for one of the predicate offenses is invalid because the state court judgment shows that Defendant was not represented by counsel at the time of sentencing.

In general, a criminal defendant may not collaterally attack prior convictions at the sentencing phase. Custis v. United States, 114 S. Ct. 1732, 1738 (1994). But "failure to appoint counsel for an indigent defendant [is] a unique constitutional defect," id., and a conviction obtained in violation of the right to counsel is presumptively void, United States v. Roman, 989 F.2d 1117, 1120 (11th Cir. 1993) (en banc). "[S]entencing courts may not rely on prior convictions that are 'presumptively void.'" Id. "[W]hen a defendant . . . sufficiently asserts facts that show that an earlier conviction is 'presumptively void,' the Constitution requires the sentencing court to review this earlier conviction before taking it into account." Id.

We have seen the document that Defendant argues shows that his criminal record does not meet the ACCA requirements and which Defendant proffered during the sentencing hearing before the district court. The copy of the state court judgment for one of the predicate offenses said that Defendant appeared at the state court sentencing "in proper person": that is, without counsel. See Black's Law Dictionary (9th ed. 2009) (defining "propria persona" as "[i]n his own person; pro se"). Thus, "the certified records of the [state] conviction on their face raise a presumption that petitioner was denied his right to counsel in the [state] proceeding, and therefore that his conviction was void." Burgett v. Texas, 88 S.

4

Ct. 258, 261-62 (1967) (concluding that a state court judgment indicating the defendant had appeared "in proper person" could not be the basis for applying a state recidivism statute). On remand, the district court must determine the validity of the conviction before basing the ACCA sentence enhancement on this conviction.

Next, Defendant argues that the government offered no admissible proof that the other two predicate offenses--the 1990 armed robbery convictions -- occurred on separate occasions. Instead, he argues, the government relied -- in violation of Shepard v. United States, 125 S. Ct. 1254 (2005)--on arrest reports to establish the dates of the offenses. See also United States v. Sneed, 600 F.3d 1326, 1333 (11th Cir. 2010) ("[C]ourts may not use police reports to determine whether predicate offenses . . . were committed on 'occasions different from one another' . . . .").

The Presentence Investigative Report ("PSI") states that, according to arrest reports, Defendant committed two armed robberies on different days in 1990 and that the state court, on 8 January 1993, found Defendant guilty of both robberies. Defendant, in his Objections to Presentence Investigation Report, argued that his criminal record did not satisfy the ACCA and objected to the use of arrest reports to meet the ACCA requirements. The government responded by filing an

5

addendum to the PSI in which it stated that it was attaching a copy of the state court judgments that showed that Defendant was adjudicated guilty of two counts of armed robbery on 8 January 1993. Defendant renewed his objection to counting the two robberies as separate offenses and to the reliance on arrest reports, in his Reply to PSI Revision and Addendum and again at the sentencing hearing before the district court.

Before an ACCA sentence enhancement may be applied to a criminal defendant's sentence, "[t]he government must show 'the three previous convictions arose out of a separate and distinct criminal episode.'" Sneed, 600 F.3d at 1329 (quoting United States v. Pope, 132 F.3d 684, 689 (11th Cir. 1998)). "If some temporal break happens between two offenses," the offenses are considered distinct for purposes of the ACCA. United States v. Proch, 637 F.3d 1262, 1265 (11th Cir. 2011). But "only Shepard-approved records may be consulted when determining if the felonies were committed on separate occasions." Id.[1]

---

[1] Shepard limited the sources a district court may consult in its inquiry of when crimes took place to the charging document, plea agreements, transcripts of colloquy between the judge and the defendant where the defendant confirms the factual basis for the plea, or other comparable judicial records. See Shepard, 125 S. Ct. at 1263; Sneed, 600 F.3d at 1333.

In this case, the only sources the government cited for its assertion that the crimes occurred on different occasions were arrest reports and the state court judgments. The state court judgments do not include the date, time, or any facts about the offenses. Thus, the record on appeal lacks admissible proof that Defendant committed two of his ACCA predicate offenses on different days. And Defendant has consistently objected to the government's assertion that the crimes occurred on separate days and to the government's reliance on the arrest reports. Defendant's sentence must be vacated and the case remanded so the district court may examine the facts of Defendant's convictions -- looking only to Shepard-approved sources -- to determine whether they occurred on different occasions.[2]

## B.

During trial, after both the government and defense counsel had made opening statements, a technician assisting the government with its equipment told

---

[2] Defendant also argues that the District Court erred in imposing a five-year consecutive sentence under 18 U.S.C. § 924(c) for carrying a firearm during a violent crime. He argues that section 924(c)'s "exception clause" exempts him from a mandatory consecutive sentence because he was already subject to a longer mandatory minimum term under section 924(e). This argument is foreclosed by the Supreme Court's decision in Abbott v. United States, 131 S. Ct. 18, 23 (2010) ("We hold . . . that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction.").

a government lawyer that the technician knew one of the jurors. The government told the district court and defense counsel about the technician's statement and made this representation: "It will be clear he is working for our office. I don't know if it's an issue or not. He will be setting up the equipment and then he will be gone." Defense counsel requested that the juror be replaced with an alternate or that the judge allow voir dire of the juror. Defense counsel did not request that the Court or defense counsel interrogate the technician about the juror or request some other less disruptive means of investigating potential juror bias. The district court, after verifying that the technician would only be assisting with equipment, overruled defense counsel's request to either replace the juror with an alternate or to voir dire the juror.

A district court's "determination regarding a juror's bias will be reversed only for a manifest abuse of discretion." United States v. Tutt, 704 F.2d 1567, 1569 (11th Cir. 1983). "The defendant is required to demonstrate an actual, identifiable prejudice on the part of the juror." Id.

On the face of it, nothing in this record shows that the juror was disqualified to serve. The record merely shows that a person assisting the government with its technical equipment indicated that he knew one of the jurors. The technician had a limited role: his job was to "[h]elp turn on the equipment." He was not an

advocate or witness. The record contains no evidence that the tech support person's simple presence and technical assistance at trial would actually bias the juror in question. A district court has broad discretion in resolving questions of juror misconduct or bias, see United States v. Yonn, 702 F.2d 1341, 1344-45 (11th Cir. 1983), and we decline to disturb the district court's determination of no juror bias in this case. Cf. United States v. Fricks, 409 F.2d 19, 20-21 (5th Cir. 1969)[3] (concluding that the district court had not abused its discretion in declining to declare a mistrial after learning that one of the jurors was a casual friend of a government witness, where no prejudice was shown).

## C.

Defendant raises several other issues on appeal; after consideration, we conclude that none of these issues merits relief.[4] Defendant's convictions are

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), this Court adopted as binding precedent all decisions of the former Fifth Circuit issued before 1 October 1981.

[4] These issues include improper reliance on hearsay leading to error in denying the motion to suppress; insufficient evidence supporting the conviction; and cumulative trial error, including errors in admitting evidence of prior crimes, improper witness questioning, allegedly admitting hearsay contents of police reports, exclusion of polygraph evidence, improper prosecutorial arguments, and instructional errors.

affirmed. Defendant's sentence is vacated, and the case is remanded for an evidentiary hearing on the applicability of the ACCA.

AFFIRMED in part, VACATED in part, REMANDED.