**UNITED STATES of America, Appellee,**

v.

**John Joseph FESSLER, Appellant.**

**No. 71–1820.**

United States Court of Appeals, Third Circuit.

Submitted Dec. 10, 1971.

Decided Jan. 6, 1972.

Robert F. O'Brien, Plone, Tomar, Parks & Seliger, Camden, N. J., for appellant.

D. William Subin, Asst. U. S. Atty., Camden, N. J. (Herbert J. Stern, U. S. Atty., Newark, N. J., Carl R. Woodward, III, Asst. U. S. Atty., on the brief), for appellee.

Before McLAUGHLIN, ALDISERT and JAMES ROSEN, Circuit Judges.

OPINION OF THE COURT

JAMES ROSEN, Circuit Judge.

The appellant, John J. Fessler, pleaded guilty to a charge of assaulting a postal employee with intent to rob a federal post office in violation of 18 U.S.C. § 2114. Judge John J. Kitchen of the

---

United States District Court for the District of New Jersey imposed a sentence of five years imprisonment pursuant to Title 18 U.S.C. § 4208(a) (2).[1] Defendant made a timely application to the District Court for reduction of sentence.[2] This appeal is from the trial court's denial of the motion. Appellant contends that the five year sentence is excessive.

Defendant was originally arrested on a complaint charging him with armed robbery of the South Vineland Branch of the Vineland, New Jersey, Post Office in violation of 18 U.S.C. § 2114.[3] It is uncontradicted that Fessler used a gun in the commission of the robbery. Because of his cooperation with postal authorities in implicating others involved in this crime he was permitted to enter a plea of guilty on an information to the lesser offense of assaulting a postal employee with intent to rob.[4]

■ It is settled that a federal appellate tribunal will not review a judgment of sentence that is within the statutory maximum unless there be a showing of illegality or abuse of discretion. Government of the Virgin Islands v. Venzen, 424 F.2d 521 (3d Cir. 1970); Government of Virgin Islands v. Rodriguez, 423 F.2d 9 (3d Cir. 1970); United States v. Restaino, 405 F.2d 628 (3d Cir. 1968), cert. denied, 394 U.S. 904, 89 S.Ct. 1012, 22 L.Ed.2d 216 (1969); United States v. Brown, 382 F.2d 52 (3d Cir. 1967); United States v. Wallace, 269 F.2d 394 (3d Cir. 1959); United States v. Williams, 254 F.2d 253 (3d Cir. 1958); United States v. Frank, 245 F.2d 284 (3d Cir. 1957), cert. denied, 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed.2d 35 (1957).

Appellant cites United States v. Ginzburg, 398 F.2d 52 (3d Cir. 1968) as an exception to the general rule of non-review. This reliance upon *Ginzburg* is misplaced. The court did not say there could be an appellate review of sentence. The sole issue was whether the trial court abused its discretion in failing to afford Ginzburg a *requested hearing* on his petition for reconsideration in light of all of the existing circumstances set forth in his petition. The case was remanded to the District Court for a hearing on the petition. This court did not reduce the sentence or instruct the trial court to reduce the sentence.

Appellant's argument is twofold: (1) that before and after being sentenced and incarcerated the defendant gave valuable information to law enforcement agencies concerning the commission of crimes by others in addition to the charge under consideration, (2) that appellant's incarceration creates a family and economic hardship.[5]

■ The sentence imposed upon appellant by the trial judge is within the statutory limits. The Judge had the benefit of a presentence report.[6] He

1. Under the terms of 18 U.S.C. § 4208(a) (2), Fessler is eligible for parole at such time as the Board of Parole shall determine.

2. Rule 35, F.R.Crim.P.

3. Conviction on this offense would carry a 25 year mandatory sentence.

4. This offense is punishable by a maximum term of ten years imprisonment. 18 U.S.C. § 2114.

5. "Specifically defendant supports an epileptic wife and a step-child. Both are unable to work. Incarceration of the defendant took him away from his job as assistant chef at the Pub Restaurant in Camden, New Jersey. With defendant's work money no longer coming in, defendant's wife and child have and will continue to remain on the public welfare rolls. The public policy of promoting a family life in which the husband provides the main support for the family unit, instead of the public doing it through the public welfare rolls, is thwarted by defendant spending too lengthy a stay in jail. In addition, the completely dependent nature of defendant's family should strongly militate against lengthy incarceration." Appellant's brief p. 9.

6. The sentence transcript discloses that the trial judge stated in open court that he was not considering the fact that subsequent to appellant's plea of guilty in the instant case and while free on bail, he was arrested by local authorities in connection with a bank robbery.

considered all of the facts and circumstances submitted by appellant and his counsel [7] in support of the application for reduction of sentence. Sentencing is primarily the responsibility of a trial judge.[8] We are satisfied that the District Court Judge took all factors into consideration before passing sentence.

Appellant Fessler has a law degree although he has not been admitted to the bar of any state.[9] It is unfortunate that he did not think of the end result before engaging in criminal activity. The hardship imposed on his family is of his own doing. His previous encounters with the law should have given him knowledge of the consequences of illegal conduct.[10]

The conclusions in *Rodriguez, supra,* 423 F.2d p. 11 are pertinent to the facts presented here:

"The sentences here imposed were within the limits authorized by the relevant statutes; and aside from characterizing them as excessive, defendants have presented no reason which would justify a conclusion that the sentences were anything other than the result of a proper exercise of judicial judgment. There is, therefore, no justification for any modification of the sentences, even if it be as-

sumed that we have power to intervene."

The order of the District Court denying defendant's motion for reduction of sentence is affirmed.

---

7. The trial court considered Fessler's affidavit dated June 16, 1971 wherein he requested the court for a reduction "by at least two or three years." The basis for this request appears to be "because of my full cooperation with Federal Postal authorities, the Federal Bureau of Investigation, the New Jersey State Police and the Camden County Prosecutor's office." Included in the affidavit is a claim that his incarceration will create a family hardship. Pursuant to Fessler's request his letter dated June 14, 1971 addressed to his attorney was presented to the court for consideration. This was a five page letter explaining his cooperation with law enforcement authorities and the conditions he faces while incarcerated.

8. As previously noted, 18 U.S.C. § 2114 provides for a maximum term of ten years

and the defendant received a five year sentence. It is also undisputed that Fessler's co-defendant, James Brannin, received a sentence of seven years following his plea of guilty to the same charge of assaulting a postal employee with intent to rob.

9. Transcript of sentence p. 2.

10. Appellant admitted that in 1964 he was committed to the Bordentown Reformatory, New Jersey, for an indeterminate term on a charge of breaking, entering and larceny; and in 1968 was convicted of breaking and entering with intent to steal. He was placed on probation and fined. In 1968 he was found guilty of an attempt to escape from the County Jail and sentenced to 364 days which was suspended and probation granted. TR of Sentence, p. 4.