GOVERNMENT OF THE VIRGIN ISLANDS, Appellee

v.

NORILYN CARDE RICHARDSON, APPELLANT

No. 74-1055

United States Court of Appeals

Third Circuit

Argued April 23, 1974

Filed June 18, 1974

---

213

NEIL J. WARD, ESQ., St. Croix, V.I., *for appellant*

JOHN WILBUR, JR., ESQ., Assistant United States Attorney, St. Croix, V.I., *for appellee*

Before ALDISERT, ADAMS and GARTH, *Circuit Judges*

ALDISERT, *Circuit Judge*

In her appeal from a voluntary manslaughter conviction under the Virgin Islands Code, the defendant raises four contentions: (1) the judgment of the district court was not supported by substantial evidence, (2) the district court treated the indictment as one for murder, when in fact the indictment was for voluntary manslaughter, (3) the district court was biased in sentencing the defendant because of its knowledge of proceedings then pending against her, and (4) the sentence was excessive. Because there is patently no merit in the defendant's first two contentions, we affirm her conviction without the necessity of a detailed exposition. We do, however, find it appropriate to discuss contentions relating to the sentence.

## I.

Appellant was tried before a judge sitting without a jury. Two days after the conclusion of her trial, she was sentenced to the maximum penalty of ten year's imprisonment. During the sentencing hearing, defense counsel learned that an oral presentence report had been made to the court. Appellant argues that the substance of that report was never made available to her or to her counsel, thereby depriving them of an opportunity to refute the findings or facts submitted by the probation officer.

Rule 32(c)(2), F. R. Cr. P., made applicable to the District Court of the Virgin Islands, Rule 54(a)(1), F. R. Cr. P., and adopted, 5 V.I.C. App. II R 32(c)(2), provides in part: "The court before imposing sentence may disclose to the defendant or his counsel all or part of the material contained in the report of the presentence investigation and afford an opportunity to the defendant or his counsel to comment thereon."

■ Advisory Committee notes on Rule 32 express a hope that "courts . . . [would] make increasing use of their discretion to disclose so that defendants generally may be given full opportunity to rebut or explain facts in presentence reports which will be material factors in determining sentences."[1] See, United States v. Miller, 495 F.2d 362 (7th Cir., 15 Cr. L. Rptr. 2134, April 12, 1974). While this court might well agree with a general policy of encouraging disclosure of presentence reports, defense counsel in this case at no time asked the sentencing judge for disclosure of the oral report made by the probation officer.[2] In United States v. Dreer, 457 F.2d 31, 34 (3d Cir. 1972), we were faced with a similar situation and, reasoning that "the rule does not give the defendant a right to examine the report," we found no error because the defendant had not asked to see the report prior to sentencing. We are not persuaded to depart from the Dreer holding in this case.

## II.

■ Appellant additionally contends that the sentence imposed was excessive. It is settled that a federal appellate tribunal will not examine the length of a sentence which is within the statutory maximum unless there be a showing of illegality or an abuse of discretion manifested in the sen-

---

[1] Under the Proposed Amendments to the Federal Rules of Criminal Procedure, disclosure of a presentence report is mandatory *upon request* of defendant or defense counsel, except in stated circumstances. See Rule 32(c)(3)(A), Proposed Amendments To The Federal Rules of Criminal Procedure, 42 U.S.L.W. 4551 (April 23, 1974).

[2] The record discloses the following colloquy between defense counsel and the court at sentencing:

THE COURT: Before passing sentence, is there anything you would like to say on her behalf?

MR. WARD: Well, first, I would like to know, your Honor, has there been any report filed by the probation office?

THE COURT: No, as I indicated, there was not time to have one prepared. I have discussed with the probation officer verbally some matters about her.

MR. WARD: To facilitate things, the defendant is rather upset, could I ask a few questions, your Honor, about this?

tencing procedure. United States v. Fessler, 453 F.2d 953, 954 (3d Cir. 1972); Government of the Virgin Islands v. Venzen, 424 F.2d 521 (3d Cir. 1970); Government of the Virgin Islands v. Rodriguez, 423 F.2d 9 (3d Cir. 1970). Appellant has not shown that the sentence was the result of anything other than "a proper exercise of judicial judgment." United States v. Rodriguez, supra, 423 F.2d at 11.

The question of review of sentences in federal cases is now under active consideration by both the Judicial Conference of the United States and Congress. Proposed Amendment to the Federal Rules of Criminal Procedure, Rule 35(c), would provide for review of sentences by a panel of district judges. S. 716, 93d Cong., 1st Sess. (1973), introduced by Senator Hruska, would provide for review by this court under certain circumstances. See, ABA Approved Draft, Standards Relating to Appellate Review of Sentences (1968); M. Frankel, Criminal Sentences: Law Without Order (1973).[3] Unless and until these changes are mandated by Congress, the trial court's discretion as to a sentence will not be disturbed if the sentence falls within statutory authorization and there is no defect in the sentencing procedure.

## III.

Appellant next argues that the district court judge improperly considered a criminal charge pending against her in determining sentence:

---

THE COURT: Ask who a few questions?
MR. WARD: Ask the defendant a few questions.
THE COURT: All right.
N.T. 217.
 Defense counsel then proceeded to question the defendant about the circumstances surrounding the crime and the care of her young child. He made a plea to the court to sentence the defendant to the time she had already served and to place her on probation for the remainder of any further sentence. He then stated: "That is all I have to say, your Honor." N.T. 217–222.

[3] See also, a review of Judge Frankel's book appearing in 9 Trial, 43, 44 (November/December, 1973), by the writer of this opinion.

 

THE COURT: Incidentally, what I have learned this morning and had a hint of before, it seemed her conduct wasn't too good while she was awaiting trial because she with some other person tried to light a guard afire. Now that doesn't seem to be the type of conduct you expect from someone in custody.

MR. WARD: Your Honor—

THE COURT: Just a minute, Mr. Ward, you have had your say.

* * * *

N.T. 224.

She argues that defense counsel should have been given an opportunity to "tell the court the charge was still pending, that there may have been circumstances surrounding the incident of which the court had no knowledge. . . ." (Brief for Appellant, at 10.) It is also appellant's position that the district court should not have received information concerning the pending charge and that reference to the charge was "extremely prejudicial."

We have previously held that a sentencing judge may properly consider pending indictments in determining a defendant's sentence. United States v. Metz, 470 F.2d 1140, 1142 (3d Cir. 1972), cert. denied, 411 U.S. 919 (1973); United States v. Allen, 494 F.2d 1216 (3d Cir., No. 73-2026, April 10, 1974).

 On this issue the panel is divided. I would affirm the judgment of the district court. To the extent that appellant argues that mere consideration of the indictment was improper, her position cannot be sustained.

Although the trial court's refusal to allow defense counsel to comment on the pending indictment appears at first blush to require a remand for resentencing, this too is but a thin reed which collapses under the heavy weight of close analysis. Appellant's brief states only that there "may have been circumstances surrounding the incident. . . ." There is no allegation that there were in fact crucial matters unknown to the sentencing judge. Appellant does

not deny the substance of the pending charge or allege that the sentence was founded upon "misinformation of constitutional magnitude." United States v. Tucker, 404 U.S. 443, 447 (1972). I would not remand on the basis of mere conjecture that there *may* have been circumstances without the barest allegation that such circumstances did in fact exist.

■ Judges Adams and Garth disagree with me concerning the need for resentencing in this case. In their view, the appellant was entitled, through her counsel, to offer whatever explanation she may have had regarding the conduct adverted to by the trial court. This view is grounded in the fact that the trial court's knowledge of the appellant's alleged misconduct while awaiting trial appears to have been derived from hearsay. Judges Adams and Garth consider that, under such circumstances, the appellant is entitled to be heard, notwithstanding the absence of any assertion in her brief that she can relate facts which might temper the trial court's view of the alleged pretrial incident. They are concerned that there may be, for example, an instance of mistaken identity, that there may exist extenuating factors, or that perhaps the incident did not occur at all. Conceding that any such information ideally should have been summarized in the appellant's brief, Judges Adams and Garth insist that considerations of fairness require that Ms. Richardson be resentenced.[4]

Accordingly, appellant's conviction will be affirmed, but the case will be remanded to the district court for resentencing. At resentencing, appellant's counsel shall be given an opportunity to explain, if he can, the allegations concerning appellant's conduct while awaiting trial.

---

[4] Judges Adams and Garth note, too, that in Gregg v. United States, 394 U.S. 489, 492 (1969), the Supreme Court stated that it is reversible error for a trial judge to read a presentence report at any time before a verdict is reached in a criminal case.