**UNITED STATES of America**

v.

**Stanley RADOWITZ, Appellant.**

**No. 74–1235.**

United States Court of Appeals, Third Circuit.

Argued Oct. 7, 1974.

Decided Dec. 18, 1974.

---

Dennis J. Conklin, Law Student, William J. Bender, Newark, N. J., for appellant.

Jonathan L. Goldstein, U. S. Atty., William T. Pizzi, Asst. U. S. Atty., Newark, N. J., for appellee.

Before BIGGS, ADAMS and GARTH, Circuit Judges.

## OPINION OF THE COURT

BIGGS, Circuit Judge.

Stanley Radowitz appeals the dismissal of his petition for resentencing pursuant to 28 U.S.C. § 2255. The challenged sentence stems from appellant's plea of guilty to the charge of robbery of the First Savings and Loan Association of Perth Amboy, Woodbridge, New Jersey, in violation of 18 U.S.C. § 2113(a). Upon accepting this plea on February 16, 1970, Judge Lawrence A. Whipple, sentenced appellant to fourteen years imprisonment [1] but vested immediate parole eligibility with the Board of Parole under 18 U.S.C. § 4208(a)(2).

The appellant now asserts that, in formulating this sentence, Judge Whipple relied upon several prior state convictions which appellant contends were violative of his Sixth Amendment right to counsel. Gideon v. Wainwright, 372 U.S.

---

1. The maximum sentence under 18 U.S.C. § 2113(a) is a $5,000 fine and twenty years imprisonment.

335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).[2] See United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Compare Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Radowitz contends that the district court must first determine whether convictions allegedly invalid in the light of *Gideon,* supra, were in fact invalid before it considers the propriety of the sentence. That contention was negated by Judge Whipple in the present pending § 2255 proceeding. The instant appeal followed. For the reasons stated hereinafter, it is unnecessary to take additional evidence to demonstrate that Radowitz was without counsel in at least a half dozen of his state court convictions.

This case poses two issues for our consideration. The first, which we raise *sua sponte* and believe merits more than passing attention, involves the admittedly defective indictment to which appellant pleaded guilty. The second requires a brief analysis of the district court's evaluation in the instant case of a sentence reconsideration petition based upon the contention that the sentencing court relied upon one or more allegedly invalid prior convictions in determining Radowitz's sentence.

## I. THE DEFECTIVE INDICTMENT

Appellant's indictment, No. 414–68, filed November 6, 1968, on the bank robbery charge consisted of three separate counts under 18 U.S.C. § 2113(a), (b) and (d), respectively. After he pleaded guilty to Court I, the latter two counts were dismissed. Count I, however, erroneously stated that the bank was insured by the Federal Deposit Insurance Corporation.[3] In fact, the First Savings and Loan Association of Perth Amboy, Woodbridge, New Jersey is insured by the Federal Savings & Loan Association.[4] To further confuse matters, Count I correctly referred to 18 U.S.C. § 2113(g) which encompasses savings and loan associations and makes robbery of them a federal offense under 18 U.S.C. § 2113(a).

The appellant applied for dismissal of the indictment because of this defect. A hearing was held on that application on May 19, 1969, and it was dismissed. Subsequently, Radowitz pleaded guilty to an information based upon Count I, but that plea was withdrawn. His final guilty plea of February 16, 1970 was then premised upon Count I of the original indictment containing the defect and orally amended by agreement of counsel with the approval of the court.

We are constrained to consider this defect in relation to both the purposes of an indictment and the rights which an indictment is designed to protect. United States v. Goldstein, 502 F.2d 526, 528–530 (3d Cir. 1974) (*en banc*); United States v. DeCavalcante, 440 F.2d 1264, 1269–1272 (3d Cir. 1971). Briefly summarized, an indictment: (1) fulfills the Sixth Amendment "apprisal"

---

2. Although these earlier convictions antedated Gideon, *supra,* that decision is fully retroactive. Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963).

3. Count I charged: "That on or about the 5th day of September 1968, in the District of New Jersey, STANLEY RADOWITZ did wilfully and unlawfully take, through the use of intimidation in the presence of BERNICE ERDELY, CATHERINE LEBEDA and ROBERT O'KEEFE employees of the First Savings and Loan Association of Perth Amboy, Woodbridge, New Jersey, the sum of $5,554.00, which money was then and there in the care, custody, control, management and possession of the First Savings and Loan Association of Perth Amboy, Woodbridge, New Jersey,

which bank's funds were then insured by the Federal Deposit Insurance Corporation, within the meaning of Title 18, United States Code, Section 2113(g).

In violation of Title 18, United States Code, Section 2113(a).

4. We emphasize that this error does not present a jurisdictional problem since robbery of banks insured under either the Federal Deposit Insurance Corporation Act (12 U.S.C. §§ 1811–1832) or the Federal Savings & Loan Association Act (12 U.S.C. §§ 1724–1730) constitutes a federal offense. *See* 18 U.S.C. § 2113(a), (f), and (g). *See also* Rule 12(b)(2), Fed.R.Crim.P.

requirement by providing a defendant with notice of the charges against him in order that he may prepare a defense; (2) effectuates the Fifth Amendment's "double jeopardy" provision by insulating a defendant from reprosecution for the same offense; and (3) shields an accused from unwarranted and unfounded charges of involvement in serious crimes by interposing the independent judgment of the grand jury in accordance with the Fifth Amendment's guarantee that prosecutions for "infamous" crimes may only be commenced by grand jury indictments. Viewed in this light, we discern no prejudice to appellant from this defective indictment. It specifically informed Radowitz of the nature of the alleged offense and the statutory violations involved. Its erroneous reference to the Federal Deposit Insurance Corporation in no way subjected him to the possibility of double jeopardy. Finally, the grand jury's action in citing 18 U.S.C. § 2113(g) indisputably precludes the possibility that its judgment would have been altered had its attention been drawn to the mistaken citation to the Federal Deposit Insurance Corporation. While we cannot condone the loose proceedings which lead to such errors, our task is confined to an examination of their prejudicial effect.[5] In this case, we are compelled to conclude that the defect was harmless and resulted in a non-fatal variance. The recasting of an indictment by agreement of counsel, even though approved by the court, is not a practice which we sanction with gladness. Revisions of an indictment should be made by a grand jury. A cursory examination by the United States Attorney's Office would have obviated the error in the indictment. The amendment to the indictment was made orally without written motion by counsel or written order by the court. See and compare Rule 47, Fed.R.Crim.P., 18 U.S.C. Under some circumstances, a plea of double jeopardy might be difficult to assert or maintain where there is no written motion or confirming order amending an indictment.

## II. THE PROCEDURAL ISSUE PRESENTED BY THE TUCKER DECISION

Traditionally, the federal judicial system has permitted the trial court to exercise wide and generally unreviewable discretion in imposing sentence.[6] This doctrine has been tempered, however, by rulings that prior invalid convictions may not be used to "support guilt or enhance punishment for another offense." Burgett v. Texas, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967); United States v. Tucker, supra. In Tucker, the sentencing judge, in imposing the maximum possible sentence, had given explicit consideration to respondent's prior record. Later, two of those earlier convictions were conclusively invalidated pursuant to Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). The Supreme Court concluded that remand for resentencing in the "dramatically different light" of the altered record was imperative. Tucker, supra, 404 U.S. at 448, 92 S.Ct. 589.

Inevitable questions have arisen since the Tucker ruling regarding proper procedures for consideration of resentence petitions based on assertions that the sentencing judge relied upon invalid prior convictions in calculating a sentence. In the instant case, however, it is not necessary to deal with these various approaches. The record contains an affidavit of Marie Lukacsko, senior clerk typist in the Passaic County Clerk's office, stating that their records do not

---

5. See Stirone v. United States, 361 U.S. 212, 217, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); United States v. Goldstein, supra; United States v. DeCavalcante, supra, 440 F.2d at 1272; Gaither v. United States, 134 U.S.App.D.C. 154, 413 F.2d 1061, 1075 (1969). See generally 8 Moore, Federal Practice—Taylor, Criminal Rules ¶ 7.05 [1].

6. See, e. g., North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). See also United States v. Tucker, 404 U.S. 443, 446–447, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

indicate that appellant was represented by counsel on six charges of larceny and receiving in 1938, three charges of larceny and receiving in 1939, and five charges of breaking, entering, larceny and receiving, breaking and entering with intent to steal, and possession of burglar's tools in 1948. We deem this to be sufficient to support a finding which in substance was made by the learned district judge that Radowitz was not represented by counsel at his trials on the charges referred to. The Government has the burden under such circumstances to prove affirmatively the defendant's representation by counsel in prior criminal proceedings. In the present pending § 2255 case, Judge Whipple followed the procedures set out in Lipscomb v. Clark, 468 F.2d 1321, 1323 (5th Cir. 1972). In the instant case we approve this procedure, it being unnecessary to consider other approaches in view of the operative fact not contested by the United States that Radowitz did not have counsel in New Jersey on some felony charges, statements of which were before Judge Whipple. See United States v. Lufman, 457 F.2d 165, 167 (7th Cir. 1972). Radowitz argues that several prior New Jersey state court convictions violated the *Gideon* rule, and that the distinguished district judge considered these prior convictions in sentencing Radowitz originally to fourteen years imprisonment. Judge Whipple on reconsideration in the light of United States v. Tucker, supra, again gave appellant a sentence of fourteen years imprisonment. The United States does not contend that the · prior judgments of conviction, entered without Radowitz's representation by counsel, did not violate the *Gideon* rule or that the district judge did not consider these prior convictions [7] in imposing his original sentence of fourteen years imprisonment upon Radowitz in violation of Burgett v. Texas, supra. The United States does contend, however, that Judge Whipple in imposing a similar sentence of fourteen years imprisonment upon Radowitz took the rule of United States v. Tucker, supra, sufficiently into account and that the sentence should stand on the present § 2255 proceeding. The fact that Judge Whipple arrived at a similar sentence does not require us to reverse his judgment. It is true that he stated his prior sentence was "lenient", but we believe the conclusion of the trial court is not erroneous.

The judgment will be affirmed.[8]

---

7. Judge Whipple stated: "Let the record note that this Court has carefully reviewed the presentence report furnished to it by the Probation Department. That report contains an excerpt from the New Jersey Diagnostic Center at Menlo Park dated April 14, 1969.

"I have also reviewed very carefully the report of Dr. Vracle, Director of the Diagnostic Center, Department of Institutions and Agencies, Menlo Park, dated January 6, 1970."

The documents referred to demonstrate Radowitz's former convictions.

*See* p. 16 of the transcript of Radowit's sentencing on February 16, 1970.

8. A like case was before a prior panel of this court which made an order in respect thereto similar in tenor to our present disposition. *See* Murray v. United States, 3 Cir. 1974, 500 F.2d 1400.