UNITED STATES of America, Appellee,

v.

**Frank Richard DEL PIANO, Appellant.**

No. 78–1922.

United States Court of Appeals,
Third Circuit.

Submitted Jan. 18, 1979.

Decided March 7, 1979.

---

**540**

Peter F. Vaira, U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Chief, Appellate Section, James D. Coleman, Asst. U.S. Atty., Philadelphia, Pa., for appellee.

Fern H. Schwaber, Philadelphia, Pa., for appellant.

Before ADAMS and WEIS, Circuit Judges, and KUNZIG, Judge.*

## OPINION OF THE COURT

PER CURIAM.

This case has previously been before the court in *Del Piano v. United States*, 575 F.2d 1066 (3rd Cir. 1978), wherein we remanded defendant's case for a *de novo* sentencing hearing to the district judge who had previously denied, without a hearing, Del Piano's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. The questions now presented us for decision are (1) whether the district court erred in failing to transfer the case to another judge upon remand, and (2) whether the failure of the district judge to state his reasons for his sentence constituted error as a matter of law.

Because we find the procedures employed by the district judge upon remand to be appropriate, we affirm.

■ The first contention urged by defendant is that the district judge upon remand erred in failing to transfer the case for re-sentencing. The argument is without merit. This court has, in the past, sanctioned re-sentencing by the district judge who originally entertained a defendant's § 2255 motion. *United States ex rel. Fletcher v. Walters*, 526 F.2d 359 (3rd Cir. 1975); *United States v. Radowitz*, 507 F.2d 109 (3rd Cir. 1974). In light of the district judge's careful and thorough handling of the sentencing hearing on remand, we are not persuaded to deviate from our prior approval of such a practice.

■■ Appellant further argues that the district judge's sentence is defective as a matter of law since no reasons were articulated to support the imposition of the sentence. While we are mindful of the substantial benefit that a statement of reasons for a sentence may have, *see, e. g., United States v. Bazzano*, 570 F.2d 1120, 1130 (3rd Cir. 1977) (Adams, J., concurring), it is clear there is no affirmative requirement, in this circuit, that every district judge give an explanation for each sentence imposed. *United States v. Lee*, 532 F.2d 911, 916 (3rd Cir. 1976); *Government of Virgin Islands v. Richardson*, 498 F.2d 892, 894 (3rd Cir. 1974). Thus, since the sentence imposed was within the statutory limitation and there is no defect in the sentencing procedure, this court will not interfere with the trial judge's discretion as to the sentence imposed. *United States v. Lee, supra* at 916; *Government of Virgin Islands v. Richardson, supra* at 894.

Accordingly, after consideration of all submissions of the parties, the sentence of the district court is affirmed.

ADAMS, Circuit Judge, concurring.

I concur in the judgment of the Court because the law as it now stands does not as a general matter require the sentencing

* Hon. Robert L. Kunzig, United States Court of Claims, sitting by designation.

judge to transfer a case to a different judge when it is remanded to him for resentencing, nor require the judge to give an explanation for the sentence imposed. But, as Justice Cardozo put it, "[W]hat really matters is this, that the judge is under a duty, within the limits of his power of innovation, to maintain a relation between law and morals, between the precepts of jurisprudence and those of reason and good conscience."[1] Accordingly, I write separately to urge my colleagues, once again, to adopt a rule, pursuant to our supervisory power, that would require trial judges to explain the reasons for the sentence being imposed, at least when the circumstances are such that one might justifiably expect the defendant to receive a substantially lighter or substantially heavier sentence. For important as it is that people should get justice, it is equally important that they should feel and see that they are receiving it.[2]

The prevailing state of affairs, under which trial judges exercise almost unchecked power in fashioning sentences, is an anomaly in our safeguard-steeped system of administering the criminal law. Although this system affords the defendant a panoply of procedural and evidentiary protections at trial as well as an opportunity to seek meaningful review of the legal issues upon which a finding of guilt was based, it leaves an issue of prime concern to the defendant—his fate over the next few years—to the discretion of a single judge. As a general rule, "a federal appellate tribunal will not review a judgment of sentence that is within the statutory maximum unless there be a showing of illegality or abuse of discretion."[3] The injustices that may result from such a situation have been explored elsewhere, and several proposals, varying in scope from the modest to the far-reaching, have been put forward.[4]

Among the suggestions that have received widespread support is that trial judges be required to advance reasons for the sentences they impose. In *United States v. Bazzano*, 570 F.2d 1120, 1130–38 (3d Cir. 1977) (Adams, J., concurring), I canvassed the arguments mustered in favor of and in opposition to this procedural requirement, and concluded that:

> such a rule would help to assure that sentences are grounded on the facts of a particular case, and would serve the broader aims of promoting the defendant's rehabilitation as well as the fairness and rationality of sentencing procedures. It would also eliminate the undue delay that frequently results when the sentencing process is questioned in an appellate court, and the trial judge has not given his reasons for the sentence. These gains would obtain without overly burdening trial judges, and without invading the realm of their discretion to set sentences on the basis of their knowledge of the defendant and the circumstances surrounding the crime.[5]

The present case further highlights the importance of a statement of reasons, as a brief recital of the pertinent facts demonstrates.

Frank Del Piano, after pleading guilty to charges of bank robbery and conspiracy,

---

1. B. N. Cardozo, The Nature of the Judicial Process 133–34 (1921).

2. *See* Lord Herschell's remark to Sir George Jessel: "Important as it was that people should get justice, it was even more important that they should be made to feel and see that they were getting it." Atlay, Victorian Chancellors, II., 460, *quoted in* Pound, *Mechanical Jurisprudence*, 8 Colum.L.Rev. 605, 606 n.4 (1908).

3. *United States v. Fessler*, 453 F.2d 953, 954 (3d Cir. 1972).

4. *See generally* M. Frankel, *Criminal Sentences—Law Without Order* (1972); Goldfarb & Singer, After Conviction (1972); American Bar Association Project on Minimum Standards for Criminal Justice, *Standards Relating to Appellate Review of Sentences* (App.Draft 1968); American Bar Association Project on Minimum Standards for Criminal Justice, *Standards Relating to Sentencing Alternatives and Procedures* (App.Draft 1968); Berkowitz, *The Constitutional Requirement for a Written Statement of Reasons and Facts in Support of the Sentencing Decision: A Due Process Proposal*, 60 Iowa L.Rev. 205 (1974); Kutak & Gottschalk, *In Search of a Rational Sentence: A Return to the Concept of Appellate Review*, 53 Neb.L.Rev. 463 (1974).

5. 570 F.2d at 1138 (footnote omitted).

was sentenced by Judge Wood, on January 27, 1964, to a total of twenty-five years imprisonment. When he had completed serving twelve years, Del Piano petitioned the district court pursuant to 28 U.S.C. § 2255 to have his sentence vacated on the ground that Judge Wood had considered six juvenile adjudications of delinquency at which Del Piano was not represented by counsel, thereby warranting resentencing under the rule of *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Since Judge Wood was by then deceased, Del Piano's petition to vacate the sentence was referred to another judge. Although adopting a magistrate's proposed findings of fact to the effect that the original sentencing procedure was constitutionally infirm, the district court initially declined to conduct a *de novo* sentencing proceeding, ruling that "a resentencing of petitioner is unnecessary since, after consideration and review of the entire record without regard to the juvenile adjudications, the Court finds that the original sentence would still be appropriate."[6] This Court reversed, and in an opinion by Judge Aldisert ordered that the sentence be vacated and that Del Piano be resentenced following a *de novo* sentencing proceeding.[7] Del Piano then moved in the district court to have the case reassigned to a different judge because the district judge that was now to conduct the *de novo* hearing had in his earlier ruling expressed an opinion that the original sentence was appropriate. The judge denied the motion, and conducted the *de novo* sentencing hearing on June 1, 1978. At the conclusion of the hearing, the judge stated that he had reviewed the presentence report, discussed it with a probation officer, considered the sentencing memoranda submitted by defense counsel and the Assistant United States Attorney, and heard the testimony of the witnesses appearing on defendant's behalf. The judge then vacated the sentence and, without explaining his

decision, imposed a sentence identical with the prior one.

In essence then, our justice system has conceded to Del Piano that his original, twenty-five year sentence was unconstitutionally imposed because the original sentencing judge had improperly considered certain prior convictions in determining the severity of the sentence. Also, our Court has agreed with the defendant that the resentencing judge erroneously resentenced him without conducting a new hearing. Nevertheless, the edict is pronounced from the bench by the very same judge that had already passed on his sentence—and accompanied by "[a] Sphinx-like silence"[8] in lieu of an explanation—that Del Piano must continue to serve a twenty-five year sentence after all. I cannot but surmise that, so far as the defendant and those members of the public who are acquainted with his case are concerned, Del Piano's persistent resort to the judicial process was unavailing because the result was foreordained.

It is unfortunate that no steps were taken to counter such an impression when the defendant was resentenced, since it would appear that much was thereby lost but little gained. Undoubtedly the district judge had valid reasons to conclude at the end of the *de novo* resentencing proceeding that Del Piano deserves the same severe sentence notwithstanding the original sentence's illegal reliance on prior uncounseled convictions. And it cannot be said on the record before us that the judge abused his discretion or showed any bias against Del Piano. Quite to the contrary, upon reading the transcript of the resentencing proceeding, one is struck by the judge's concern that the defense be permitted to introduce any mitigating evidence it deems appropriate. Still, for the criminal justice system to work effectively, it not only must dispense justice, it must be perceived to do so. As I observed in *Bazzano*:

required to satisfy the defendant's right of allocution and to avoid judicial review of a district court order by a single judge of the same court.

---

**6.** App. 7.

**7.** *Del Piano v. United States*, 575 F.2d 1066 (3d Cir. 1978). Reversal was predicated on the fact that when the defendant appears for resentencing before a judge other than the one who had previously sentenced him, a new hearing is

**8.** *United States v. Brown*, 479 F.2d 1170, 1172 (2d Cir. 1973).

More and more, we are coming to realize that for our system of criminal justice to be respected by the participants in it as well as by the public, it must be observed to be fair. It is not enough for it to be technically correct, although that, too, is a fundamental aim. Requiring that the basis of a sentence be set forth by a trial judge would promote the principle that "to perform its high function in the best way 'justice must satisfy the appearance of justice.' " [9]

In the present case, a statement of reasons for the sentence would have served as an opportunity to demonstrate to the defendant, his well-wishers, and the public, what undoubtedly was the fact, that the judge was not swayed by the first sentence or by his own earlier impression; that, as characteristic of the judiciary, he regards the state-sanctioned deprivation of liberty to be a weighty matter; and that the criminal process is basically fair and legitimate. Inasmuch as the judiciary, an undemocratic institution in a democratic government, can retain its legitimacy only so long as it is seen to be guided by a sense of justice, the importance of such an explanation should not be underestimated.

Vincent Philip DiFabio, Nino V. Tinari, Philadelphia, Pa., for appellant.

S. John Cottone, U. S. Atty., Sal D. M. Cognetti, Jr., Asst. U. S. Atty., Scranton, Pa., for appellee.

---

**9.** 570 F.2d at 1135 (footnote omitted).