UNITED STATES of America

v.

**John Angel MONTOYA, Appellant.**

No. 79–1940.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) Dec. 12, 1979.

Decided Jan. 11, 1980.

David A. Ruhnke, Asst. Federal Public Defender, Dist. of New Jersey, Newark, N. J., for appellant.

Maryanne T. Desmond, Asst. U. S. Atty., Chief, Appeals Div., Robert J. Del Tufo, U. S. Atty., Kenneth N. Laptook, Asst. U. S. Atty. (on the brief), Newark, N. J., for appellee.

Before ADAMS, ROSENN and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant Montoya was indicted for conspiracy to possess, with intent to distribute, and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts 2, 3, 5 and 6), and interstate travel for the purpose of possession with intent to distribute cocaine in violation of 18 U.S.C. §§ 1952 and 2 (Counts 4 and 7). Shortly after the trial began, appellant entered a plea of guilty to Count 1 of the indictment (conspiracy). Thereafter he was sentenced to a three-year term of imprisonment to be followed by a three-year special parole term.

On appeal appellant contends that the district court erred in denying his demand for a hearing before the imposition of sentence and in imposing the three-year special parole term.

## I.

### Refusal to Conduct a Sentencing Hearing.

■ Appellant contends that the presentence report contained erroneous prejudicial information in that it characterized him as a "major cocaine dealer" and that he was entitled to a hearing at which the government would be required to present substantiating evidence. The government made an offer of proof of the facts on which it relied in its characterization of appellant, primarily the testimony which had already been elicited during that portion of the trial which had been conducted before appellant retracted his not guilty plea. Furthermore, the government attorney advised the court at sentencing that it was not relying on the characterization of appellant as a "major cocaine dealer". The relevant colloquy was:

> [Ass't U. S. Atty.]: Your Honor, the adjective major is one upon which the United States does not rely. The United States relies specifically on the offer of proof which I have just stated which is exactly what we would have proved at trial if the trial continued.
>
> THE COURT: That's all I want to know.
>
> [Ass't U. S. Atty.]: If [Defense Atty.] has no dispute with the offer of proof as I stated it, which is exactly what I would have proved if the trial continued, then I see no reason for an evidentiary hearing. There is no need to hold an evidentiary hearing over an adjective. What I have stated are the precise facts.
>
> THE COURT: I am satisfied. I'm willing to proceed now.
>
> [Defense Atty.]: Your Honor, just so that my record is clear, I stand defending a man who is accused in a presentence report of virtually making his living by dealing in narcotics.
>
> THE COURT: I don't know whether that mentions that in the pre-sentence report or not.
>
> [Defense Atty.]: Your Honor, it's by innuendo when they call him a major cocaine dealer and [Ass't U. S. Atty.] can be very sanguine about the use of an adjective such as major. It will make a significant difference to Mr. Montoya should he be sentenced to incarceration how he is characterized.
>
> THE COURT: That does not affect me.
>
> [Defense Atty.]: Thank you, your Honor.

(Tr. July 10, 1979, 15–16). Because the Government explicitly limited the factual basis on which it relied for its characterization of defendant to the present charge, and the district judge clearly indicated that he was not affected by the disputed term, we believe that the district court did not err in denying defendant's demand for a hearing.

It is difficult to resist commenting that this issue would not have arisen had the district judge articulated the reasons to support the imposition of this particular sentence. See *United States v. Del Piano*, 593 F.2d 539, 540–43 (3d Cir.) (Adams, J., concurring), *cert. denied*, 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979). However, this court has held that there is no requirement that the district judge give an explanation for each sentence imposed. *United States v. Del Piano, supra; United States v. Bacheler*, 611 F.2d 443 (3d Cir. 1979). Under our Internal Operating Procedures, a panel may not overrule a published opinion of a previous panel. Chapter VIII C, Internal Operating Procedures, United States Court of Appeals for the Third Circuit (1978). Therefore we are not free to consider whether a rule which would require district courts to articulate the reasons for the imposition of sentence would be a preferable procedure.

## II.

### Imposition of the Special Parole Term.

■ In *United States v. Mearns*, 599 F.2d 1296 (3d Cir. 1979), *petition for cert. filed*, 48 U.S.L.W. 3276 (U.S. Sept. 12, 1979) (No. 79–415), this court held that the special parole term authorized on conviction of the substantive offense of distributing and possession with intent to distribute cocaine under 21 U.S.C. § 841(b)(1)(A) could not be imposed for conviction of conspiracy to possess and distribute cocaine, proscribed by 21 U.S.C. § 846. The government concedes

that *Mearns* is the controlling case in this circuit and precludes the imposition of a special parole term for violation of 21 U.S.C. § 846. Although the government has informed us that it has filed a petition for a writ of certiorari in the *Mearns* case, we remain bound by that decision. Accordingly, that portion of the sentence which imposes a special parole term of three-years will be vacated.

ADAMS, Circuit Judge, concurring.

Although I concur in the judgment reached by the Court, I write separately to emphasize that this case presents yet another example of the need for district judges to state the reasons for the sentences they impose. Had the judge in this case explained his decision to impose on Montoya a significantly heavier sentence than that given his co-conspirator Leo Mendez, Jr., there would be greater certitude in the determination that the prosecution's characterization of Montoya as a "major trafficker" in cocaine did not enter into the sentencing calculus. An explanation also would have helped assure Montoya that the judge was not improperly influenced by the prosecution's remarks, and might have obviated the need for an appeal on this issue. In the absence of such a statement by the sentencing judge, Montoya was left in a quandary, and with a nagging suspicion as to the reason he received a prison sentence of three years while his codefendant was given only a suspended sentence.

Elsewhere, I have set forth in detail the rationale behind a requirement that district judges explain the reasons for the sentences they impose. *United States v. Del Piano*, 593 F.2d 539, 540–43 (3rd Cir.) (per curiam) (Adams, J., concurring), *cert. denied*, 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979); *United States v. Bazzano*, 570 F.2d 1120, 1130–38 (3rd Cir. 1977) (Adams, J., concurring), *cert. denied*, 436 U.S. 917, 98 S.Ct. 2262, 56 L.Ed.2d 757 (1978). Thus, there is no need today to discuss further the policies favoring the proposed rule. Nonetheless, it bears repeating that, "[i]n the present case, a statement of reasons for the sentence would have served as an opportunity to demonstrate to the defendant, his well-wishers, and the public, what undoubtedly was the fact, that the judge was not swayed by [improper considerations]; that, as characteristic of the judiciary, he regards the state-sanctioned deprivation of liberty to be a weighty matter; and that the criminal process is basically fair and legitimate. Inasmuch as the judiciary . . . can retain its legitimacy only so long as it is seen to be guided by a sense of justice, the importance of such an explanation should not be underestimated." *United States v. Del Piano*, 593 F.2d at 543 (Adams, J., concurring).