NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3244
_____

UNITED STATES OF AMERICA

v.

KENNETH CHAN,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 1-09-cr-00711-001)
District Judge:  The Honorable Noel L. Hillman
_____

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2011

BEFORE:  FUENTES, FISHER, and NYGAARD, Circuit Judges.

(Filed: June 20, 2011)
_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

While serving an eighty-seven month sentence at the Federal Correctional Facility

at Fort Dix, New Jersey, Appellant Kenneth Chan was discovered to have contraband on

his person during a routine pat-down search.  Chan was subsequently indicted by a

1

federal grand jury for the possession of marijuana in a federal correctional facility, a violation of 18 U.S.C. § 1791(a)(2) and (b)(3). Based on this charge, Chan was facing a statutory maximum term of five-years' imprisonment, consecutive to the prison term he was serving. After various pretrial machinations not entirely relevant here, Chan pleaded guilty to the lesser offense of possessing tobacco in a federal correctional facility. *See* 18 U.S.C. § 1791(a)(2), (b)(3). This offense is a Class B misdemeanor and called for a maximum six-month term of imprisonment.

The District Court, Hillman, J., sentenced Chan to three-months imprisonment, to run consecutively to Chan's remaining sentence for drug-trafficking. Chan has timely appealed, arguing that his sentence was "unreasonable." We will affirm.

I.

A Class B misdemeanor is an offense for which the maximum sentence is not greater than six months. Under U.S.S.G. § 1B1.9, the guidelines do not apply to Class B misdemeanors. United States Sentencing Commission Guidelines Manual, § 1B1.9, comment 1. Additionally, § 1B1.9 comment 2 states explicitly that sentences for Class B misdemeanors may be imposed either consecutively or concurrently with sentences for other counts.

Our review of sentences imposed for Class B misdemeanors must be conducted under the pre-guidelines standard applicable to those offenses. *In re Solomon*, 465 F.3d 114, 120 (3d Cir. 2006). This standard of review is "highly deferential." *Id.* That is to say, if "a sentence is within the statutory limitation and there is no defect in the sentencing procedure," we will "not interfere with the trial court's discretion as to the

sentence imposed." *United States v. Logar*, 975 F.2d 958, 960 (3d Cir. 1992) (citing

*United States v. Felder*, 706 F.2d 135, 137 (3d Cir. 1983)).  A sentence imposed by a

federal district judge upon a criminal defendant, if within statutory bounds, is therefore

typically not subject to review absent a "gross abuse of discretion." *See, e.g., United*

*States v. DeBardeleben*, 740 F.2d 440, 447 (6th Cir.), *cert. denied* 469 U.S. 1028 (1984).

## II.

Here, there is no question that the District Court was empowered to impose the

sentence of record.  Indeed, Chan does not argue that the sentence was illegal,

unconstitutional or defective.  Nor does he argue that his sentence falls outside the

statutory maximum.  Instead, Chan argues that the District Court did not give proper

weight to the administrative penalties given Chan, the need for deterrence, the likelihood

of Chan's rehabilitation and the impact incarceration would have on Chan's

rehabilitation.  Chan also maintains that the District Court failed to adequately consider

his criminal history and cooperation with the authorities.  The District Court  made its

sentencing determination only after entertaining testimony from all sides concerning the

nature of the violation as well as the judicial response that would be in the best interest of

Chan and the community.[1]

---

[1] Indeed, the District Court actually did more than it had to here.  We have "consistently held under pre-Sentencing Guideline law that the district court was not required to set forth on the record the reasons for its selection of a particular sentence." *United States v. Logar*, 975 F.2d 958, 960-61 (3d Cir. 1992) (citing *United States v. Smith*, 839 F.2d 175, 181 (3d Cir.1988); *United States v. Bacheler*, 611 F.2d 443, 450 (3d Cir.1979); *United States v. Del Piano*, 593 F.2d 539, 540 (3d Cir.) (per curiam), *cert. denied*, 442 U.S. 944 (1979)).

On appeal, Chan cites to nothing in the record or the law to support the assertion that, under these circumstances, the District Court's decision amounted to a gross abuse of discretion and our independent review of the record does not reveal otherwise. The appeal lacks merit and we have no difficulty concluding that the district court did not abuse its discretion by imposing a three-month sentence on Chan.

We will affirm the sentence.