**UNITED STATES of America**

v.

**MATTHEWS, Michael J., Appellant.**

**No. 85–5024.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Sept. 10, 1985.

Decided Sept. 24, 1985.

Merrill N. Rubin, Alan Silber, Peter J. Avenia, Silber & Rubin, P.C., New York City, or Silber & Rubin, P.C., Newark, N.J., for appellant.

W. Hunt Dumont, U.S. Atty., Faith S. Hochberg, Asst. U.S. Atty., Newark, N.J., for appellee.

Before HUNTER, GARTH, and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

On March 27, 1984, Michael Matthews, the former Mayor of Atlantic City, New Jersey, was charged in a five count indictment with violations of the Hobbs Act and the Travel Act. Count 1 of Indictment No. 84–99 charged that Matthews and Frank Lentino together with unindicted co-conspirators conspired to commit extortion in violation of the Hobbs Act, 18 U.S.C. § 1951 (1982). Counts 2, 3, and 4 charged independent Hobbs Act violations; count 5 charged Matthews with a Travel Act violation, 18 U.S.C. § 1952 (1982). Matthews entered a not guilty plea to all five counts of Indictment No. 84–99 on April 13, 1984. Indictment No. 84–150, filed May 15, 1984, charged Matthews with three counts of extortion in violation of the Hobbs Act. Both indictments resulted from investigations into Matthews's conduct during his tenures as Mayor and as Atlantic City's Commissioner and Director of Revenue and Finance.

On November 27, 1984, after four weeks of trial before a jury, Matthews retracted his plea of not guilty to count 4 of Indictment No. 84–99 and entered into a plea agreement whereby the government agreed to dismiss all remaining counts of the two indictments. Count 4 charged that Matthews willfully committed extortion by obtaining $25,000 from Piedmont, an FBI-created real estate development group, under color of official right, in exchange for a bargain sale of Atlantic City property zoned for casino use.

This case arises from Matthews's subsequent sentence under that plea by the United States District Court for the District of New Jersey for violating the Hobbs Act, an offense that carries a maximum penalty of twenty years imprisonment and a $10,000 fine. The district court sentenced Matthews to 15 years incarceration and a $10,000 fine.

Under the plea agreement, the government agreed not to take any position with respect to the court's determination of sentence, but reserved the right to inform the sentencing court about "the government's evidence of the nature and extent of Matthews's activities with respect to this case; and all other facts favorable and otherwise in its possession relevant to sentence." Supplemental Appendix for Appellee at 1–2. Although Matthews's cooperation with law enforcement agencies was not a part of the plea agreement, the government also reserved the right to advise the sentencing court that Matthews's lack of cooperation should be considered in imposing sentence.

Prior to sentencing, the government submitted a sentencing memorandum containing the government's version of the offense. Matthews moved to strike portions of the government's sentencing memorandum, or in the alternative, to withdraw his plea agreement. The sole matter in the presentence report controverted by defense counsel was the government's evidence of Matthews's organized crime ties. Pursuant to Federal Rule of Criminal Procedure 32(c)(3)(D)(ii), the court assured the defendant that it would not consider those allegations concerning organized crime in imposing sentence.

Matthews raises two issues on appeal: (1) that the district court erred in failing to abide by its stated intention not to consider certain portions of the government's sentencing memorandum in imposing sentence;

and (2) that the district court abused its discretion by imposing an excessive sentence.

Defendant alleges that the district court short-circuited the sentencing process by promising not to consider the organized crime connections simply to avoid a separate hearing on these matters, suggesting that the district court later ignored its promise to strike the controverted material. Matthews fails to offer any clear evidence of judicial misconduct to support these allegations, however. Indeed, Matthews's sole basis for his position is the length of his sentence and the district court's comments to Matthews when it imposed sentence.

■ Defense counsel did not seek a *Fatico* hearing, *see United States v. Fatico,* 603 F.2d 1053 (2d Cir.1979), *cert. denied,* 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980), to test the government's evidence of Matthews's ties to organized crime. Defendant apparently believes that a district court must hold a *Fatico* hearing whenever there is a *possibility* that it might rely upon disputed matters in sentencing. We reject this contention. Where, as in the instant case, defendant had an adequate opportunity to examine and correct controverted information and request an evidentiary hearing, the error is counsel's and not the court's. *Cf. United States v. Robin,* 545 F.2d 775 (2d Cir.1976) (district court's failure to afford defendant an adequate opportunity to examine presentence report reversible error). Counsel cannot ask this court to vacate his client's sentence when counsel failed to make a proper request for an evidentiary hearing as to the presentence report.

Recognizing that his assertion that the district court improperly relied upon Matthews's organized crime connections in passing sentence is "largely circumstantial," appellant nevertheless suggests that an inference that Matthews's due process rights were violated may be gleaned from the district court's comments when imposing sentence. A district court cannot accept a guilty plea without "first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement." Fed.Rule Crim.Proc. 11(d). Matthews admitted his guilt in a manner later characterized by the district court as more of a press release containing a lot of "hot air" than an ordinary guilty plea. The district court also admonished Matthews about his demeanor on the stand while he made his Rule 11 statement, contrasting Matthews's debonair appearance and exploitation of his offices with former New York City Mayor Fiorello LaGuardia's dishevelled attire and impeccable public service. Finally, appellant identifies the district court's remarks concerning the money that Matthews could expect "down the road" from his misdeeds as confirming the use of impermissible information in passing sentence.

■ In this circuit, the test to evaluate whether a sentence has been based on criteria violative of a defendant's due process right is two-fold: (1) has misinformation of a constitutional magnitude been given to the district court; and (2) has that misinformation been given specific consideration by the sentencing judge? *United States v. Janiec,* 464 F.2d 126, 129 (3d Cir.1972); *see United States v. Tucker,* 404 U.S. 443, 446–47, 92 S.Ct. 589, 591–92, 30 L.Ed.2d 592 (1972); *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). This court need not address whether the organized crime allegations constitute misinformation because the sentencing judge specifically declined to consider them. *See United States v. Allen,* 494 F.2d 1216, 1218 (3d Cir.), *cert. denied,* 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 83 (1974).

■ With respect to the district court's comment about the amount of anticipated money from future payoffs, there was no showing that the court relied on any misinformation. Factual matters considered as a basis for sentence must have "some minimal indicium of reliability beyond mere allegation" and must "either alone or in the context of other available information, bear some rational relation-

ship to the decision to impose a particular sentence." *United States v. Baylin,* 696 F.2d 1030, 1040 (3d Cir.1982). *See also Fatico,* 579 F.2d 707, 713 (2d Cir.1978) (reliability must be ensured through cross-examination or otherwise). The evidence of defendant's anticipated profits more than satisfies this reliability requirement. The court heard tape recordings of the defendant's words and testimony about the defendant's confession, both subject to thorough cross-examination.

■ Nor did the district court abuse its discretion by noting that Matthews's prepared Rule 11(d) statement contained a lot of "hot air." Matthews's statement attempted to limit the extent of his greed, denied making a confession to the FBI, and declared that his real motive in taking the bribe was not personal gain, but to help provide affordable housing for Atlantic City's lower income citizens. We note that testimony over the four weeks of trial directly contradicts each of these assertions. Thus, the district court's consideration of evidence contradicting Matthews's altruistic protests is entirely proper under *Baylin* 's reliability prong.

■ Assuming that the district court relied upon information reflected in its challenged comments, we find that these matters more than meet *Baylin* 's relevancy prong. The trial judge's comments about Matthews's expected fortunes illuminate the gravity of the public corruption crime admitted by appellant. Observations concerning Matthews's demeanor and the nature of his Rule 11(d) speech evidence a lack of contrition and cooperation on appellant's part. The use of these factual matters in imposing sentence falls completely within the scope of the district court's authority. *See* 18 U.S.C. § 3577 (1982) (no limit on information covering "background, character, and conduct" of a person which may be considered for imposing sentence); *Baylin,* 696 F.2d at 1038–39.

■ Matthews's contention that the district court abused its discretion by imposing an excessive sentence also fails. It is well settled that the district court has virtually unfettered discretion in imposing a sentence if it falls within the statutory limits. *Gardner v. Florida,* 430 U.S. 349, 357, 97 S.Ct. 1197, 51 L.Ed.2d 593 (1977). *See also United States v. Tucker,* 404 U.S. at 443, 447, 92 S.Ct. at 591, 592 (the sentence imposed by a federal district judge, if within the statutory limits, is generally not subject to review); *United States v. Felder,* 744 F.2d 18, 20 (3d Cir.1984) (absent procedural defects, reviewing court will not interfere with trial court's sentencing discretion if sentence falls within the statutory limitation); *accord United States v. Dickens,* 695 F.2d 765, 782 n. 26 (3d Cir. 1982), *cert. denied,* 460 U.S. 1092, 103 S.Ct. 1792, 76 L.Ed.2d 359 (1983); *United States v. Del Piano,* 593 F.2d 539, 540 (3d Cir.) (per curiam), *cert. denied,* 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979); *Government of the Virgin Islands v. Richardson,* 498 F.2d 892 (3d Cir.1974).

■ The Hobbs Act provides for a maximum sentence of twenty years imprisonment and a fine of $10,000 for each violation. A fifteen year sentence and a $10,000 fine falls well within the statutory maximum. Defendant's surprise that a plea bargain results in a prison term within the statutory limits does not constitute abuse of discretion by the district court.

Accordingly, the judgment of the district court will be affirmed.