

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-27-2002

# USA v. Lockovich

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1740

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Lockovich" (2002). *2002 Decisions*. Paper 779.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/779

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 02-1740


UNITED STATES OF AMERICA

v.

JOHN J. LOCKOVICH,

Appellant


Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 01-cr-00196)
District Judge: Honorable Alan N. Bloch


Submitted Under Third Circuit LAR 34.1(a)
November 21, 2002


Before: BARRY and AMBRO, Circuit Judges
DOWD*, District Judge

(Opinion filed November 27, 2002)


OPINION


*Honorable David D. Dowd, Jr., United States District Judge for the Northern
District of Ohio, sitting by designation.

AMBRO, Circuit Judge

Appellant John J. Lockovich pleaded guilty to the federal offense of submitting a
false loan application, which he committed while on supervised release from an earlier
conviction. The District Court sentenced Lockovich to twenty-seven months
imprisonment and five years of supervised release. Lockovich challenges this sentence
on appeal. His sole argument is that because the Probation Office failed to update his
Presentence Investigation Report (PSIR) to include information from medical records he
had provided, the District Court sentenced him on the basis of inaccurate information,
thus violating his due process rights. We have jurisdiction pursuant to 18 U.S.C.
3742(a)(1) and 28 U.S.C. 1291, and shall affirm.

I.

On January 28, 2002, the Probation Office sent Lockovich's PSIR to the parties
and the District Court. The section on his "Physical Condition" explained, in detail, that
he suffered from an extensive number of severe medical problems. It also noted:

50. The defendant stated that he suffered a stroke in August 2001 due to
a dissected carotid artery in his neck. At the time of this interview,
Mr. Lockovich indicated that he expected to undergo surgery within
the next couple of weeks. He was asked to provide documentation

regarding his surgery once it was performed. To date, he has provided no further information.

51. Also when interviewed, Mr. Lockovich indicated that he was taking a variety of medications. He agreed to provide a list but has not done so yet.

Lockovich filed his response to the PSIR on February 14, 2002, attached certain medical records, and stated: "In view of the seriousness of this situation, it is respectfully requested that Lockovich be incarcerated at the Federal Prison Camp at Ashland, Kentucky, so that he will be close to FCI Ashland which has a major medical facility."

On February 21, 2002, the Probation Office sent to the parties and the District Court an Addendum to the PSIR. The Addendum stated that Lockovich had objected to the PSIR's recommended sentence due to his ill health, and it also noted that he had "attached his medical records in support of his argument." The Addendum also included the Probation Office's response: "[T]his man's physical problems can be adequately handled by the U.S. Bureau of Prisons and should not be used as a reason to avoid additional imprisonment. Further, this man never supplied his medical information until now, despite requests by this probation officer to do so."

The District Court released its Tentative Findings and Rulings Concerning Disputed Facts or Factors on February 28, 2002. It noted that "Defendant [had] attached medical records" which documented his health problems, and the District Court recommended, as Lockovich had requested, incarceration at the institution closest to FCI-Ashland. On March 1, 2002, Lockovich moved for a thirty-day delay in surrender and sentence, and attached more medical records. The District Court denied this motion.

Lockovich was sentenced on March 7, 2002. The District Court stated that it "has also considered Defendant's request that his serious medical problems mitigate in favor of imposing the term of imprisonment at this case to be served concurrent" to the term he received for his prior conviction. Lockovich's counsel declined the opportunity to introduce any additional evidence, but she did again ask for leniency given his poor health. The District Court then imposed a sentence of twenty-seven months imprisonment and recommended that Lockovich be sent to an institution near FCI-Ashland.

## II.

Lockovich argues that, because the Probation Office's materials failed to reflect that he had submitted his medical records, the District Court sentenced him under the faulty impression that he had not complied with the Government's requests for this information. Because Lockovich did not raise this objection before the District Court, we review his sentence for plain error. See United States v. Cianci, 154 F.3d 106, 111 (3d Cir. 1998).

Under that standard, "before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."

United States v. Vasquez, 271 F.3d 93, 99 (3d Cir. 2001) (en banc) (quoting Johnson v. United States, 520 U.S. 461, 466-67 (1997)).

None of Lockovich's contentions establishes error by the District Court, much less error that adversely affected his sentence. Lockovich's claim that the PSIR and Addendum did not reflect the fact that he had submitted medical records to substantiate his condition is plainly contradicted by the statements in the Addendum explicitly recognizing that he had done so. Furthermore, the record demonstrates that the District Court was fully aware of and sensitive to Lockovich's medical needs. Its tentative findings acknowledged that Lockovich had attached his medical documents. That the District Court acceded to Lockovich's request that he be incarcerated near the medical facilities at FCI-Ashland indicates that Lockovich's poor health was given due consideration.

Finally, "[i]n order to make out a due process claim, a defendant must show that

the district court relied upon some significant piece of 'misinformation'" at sentencing. United States v. Spiropoulos, 976 F.2d 155, 163 (3d Cir. 1992) (quoting United States v. Matthews, 773 F.2d 48, 51 (3d Cir. 1985)).  No misinformation existed here, as the District Court did not sentence Lockovich under the mistaken belief that he had refused the Probation Office's entreaties to submit his medical records.  As such, Lockovich's due process rights were not violated.

                                    III.
     For the reasons stated above, we conclude that Lockovich was not sentenced in error, and we affirm the sentence imposed by the District Court. TO THE CLERK:

     Please file the foregoing Opinion.



                         By the Court,



                         /s/ Thomas L. Ambro
                         Circuit Judge