14-564-cr
*United States v. Bedell*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand fifteen.

PRESENT:   JOSÉ A. CABRANES,
           CHESTER J. STRAUB,
           DEBRA ANN LIVINGSTON,
                      *Circuit Judges.*

UNITED STATES OF AMERICA,

        *Appellee,*                                      No. 14-564-cr

        v.

STEPHEN BEDELL,

        *Defendant-Appellant.*

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Michael L. Desautels, (David L. McColgin, Barclay T. Johnson, *on the brief*), Federal Public Defender, District of Vermont, Burlington, VT. |
| **FOR APPELLEE:** | William B. Darrow, Gregory L. Waples, Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney, District of Vermont, Burlington, VT. |

Appeal from a judgment of the United States District Court for the District of Vermont (William K. Sessions III, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Stephen Bedell appeals from the sentence imposed on him by the District Court on February 5, 2014. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## BACKGROUND

On August 2, 2013, Bedell entered into a plea agreement with the Government, under which he agreed to plead guilty to Count One of the Superseding Indictment—conspiracy to distribute heroin and 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)—and to admit that he had distributed at least 500 grams of cocaine base.

After his guilty plea, the United States Probation Office issued a Presentence Report ("PSR"), which calculated Bedell's exposure under the U.S. Sentencing Guidelines ("Guidelines"). The PSR set Bedell's offense level at 35 and the criminal history category was set at VI. The offense level was calculated as follows: The base offense level was 32 due to the PSR's determination that Bedell had distributed in aggregate 1,000–3,000 kilograms of cocaine base. *See* PSR ¶¶ 55–66. The PSR then added a two-level enhancement for "maintaining a drug premises" under § 2D1.1(b)(12), a two-level "criminal livelihood" enhancement under § 2D1.1(b)(14)(E), and a two-level aggravating role enhancement under § 3B1.1(c). *Id.* Bedell objected to the application of the § 3B1.1(c) role enhancement, but the District Court overruled the objection. This resulted in an offense level of 38, which was then reduced by three levels for timely acceptance of responsibility under § 3E1.1(b). Accordingly, the prescribed sentencing range under the Guidelines was 292–365 months' imprisonment.

On February 5, 2014, the District Court conducted a sentencing hearing. Relevant to this appeal, the Government introduced at that hearing, through the testimony of Sgt. Brian LaBarge of the Burlington Police Department, excerpts of recorded interviews conducted with two of Bedell's female co-conspirators and drug customers. Sgt. LaBarge also testified regarding out-of-court statements made to him that had not been recorded. These out-of-court declarations principally described how Bedell coerced his female customers and co-conspirators into having sex in order to reduce their drug debts. Bedell objected to these statements as hearsay, but the District Court overruled the objections.

At the close of the hearing, the District Court adopted the PSR's proposed 292–365 month sentencing range but then, on the record, made two downward adjustments. These adjustments

2

cumulatively reduced Bedell's offense level to 32 (rather than 35) and his criminal history category to IV (rather than VI). The resulting sentencing range was therefore reduced to 168–210 months' imprisonment. The District Court then sentenced Bedell to the bottom of this range—to 168 months' imprisonment, followed by four years of supervised release.

## DISCUSSION

We review a district court's sentence for reasonableness. *United States v. Gilliard*, 671 F.3d 255, 258 (2d Cir. 2012). Under this "deferential abuse-of-discretion standard," we first consider whether the district court committed procedural error. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks omitted). A district court "errs procedurally if it does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* at 190. Here, Bedell challenges the sentence imposed by the District Court solely on procedural grounds. He asserts that the District Court committed procedural error by: (1) considering unreliable hearsay statements from his purported female drug customers during his sentencing hearing, in violation of his Fifth and Sixth Amendment rights; and (2) imposing a "role enhancement" under § 3B1.1(c) of the Sentencing Guidelines.

### A.

As to Bedell's Fifth Amendment claim, we note that the Due Process Clause only requires that hearsay evidence considered at sentencing be sufficiently reliable. *See United States v. Juwa*, 508 F.3d 694, 701 (2d Cir. 2007) ("'[F]actual matters considered as a basis for sentence must have some minimal indicium of reliability beyond mere allegation.'" (quoting *United States v. Matthews*, 773 F.2d 48, 51 (3d Cir. 1985))); *United States v. Fatico*, 579 F.2d 707, 713 (2d Cir. 1978) (stating that "hearsay is admissible in sentencing proceedings" when those statements "are sufficiently corroborated by other evidence"). Here, the District Court correctly determined that the out-of-court statements by Bedell's female co-conspirators and drug customers were corroborated by: (1) cell phone evidence showing extensive contacts between Bedell and the out-of-court declarants; (2) photographic images in Bedell's cell phones that corroborated the sexual nature of Bedell's relationship with several of his female co-defendants and customers; (3) the evident emotion expressed by the declarants in their recorded interviews, in which they wept when describing their sexual exploitation by Bedell; and (4) belongings of the declarants that were found among Bedell's possessions. The District Court therefore did not err in concluding that the hearsay statements at issue had sufficient indicia of reliability, such that they could be considered in determining Bedell's sentence.

### B.

As to Bedell's Sixth Amendment claim, it is settled law that the Confrontation Clause of the Sixth Amendment does not apply to evidence received during a sentencing hearing. *See United States v. Martinez*, 413 F.3d 239, 242 (2d Cir. 2005) ("Both the Supreme Court and this Court . . . have

3

consistently held that the right of confrontation does not apply to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings."); *see also Williams v. Oklahoma*, 358 U.S. 576, 584 (1959) ("[O]nce the guilt of the accused has been properly established, the sentencing judge, in determining the kind and extent of punishment to be imposed, is not restricted to evidence derived from the examination and cross-examination of witnesses in open court . . . ."). Bedell's sole argument in support of his Sixth Amendment claim is that the Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), should be interpreted to bar the introduction of hearsay statements at sentencing. However, a decade ago (in 2005), we rejected the same argument. *See Martinez*, 413 F.3d at 243 (because *Crawford* did not address "the applicability of the right of confrontation to the sentencing context or the admissibility of hearsay testimony at sentencing proceeding," it provides "no basis to question prior Supreme Court decisions that expressly approved the consideration of out-of-court statements at sentencing"). Therefore, settled precedent forecloses Bedell's claim that his rights under the Confrontation Clause were violated by the introduction of hearsay statements at his sentencing hearing.

## C.

Bedell's last claim on appeal is that the District Court erred in applying a "role enhancement" under the Sentencing Guideline § 3B1.1(c). We review "a district court's determination that a defendant deserves a leadership enhancement under § 3B1.1 *de novo*, but we review the court's findings of fact supporting its conclusion only for clear error." *United States v. Hertular*, 562 F.3d 433, 449 (2d Cir. 2009). Here, the District Court's decision to apply a two-level enhancement was based on its finding that Bedell "was an organizer, leader, manager, or supervisor" in connection with criminal activity involving fewer than five participants and not otherwise extensive. U.S.S.G. § 3B1.1(c). Based upon our review of the record, there is ample support for this finding. In particular, it is clear from the record that Bedell managed and used subordinates—specifically, his co-defendant, Christa Maynard—to assist in the distribution of drugs. *See United States v. Garcia*, 413 F.3d 201, 223 (2d Cir. 2005) ("[A] defendant need only manage or supervise a single other participant to warrant a § 3B1.1(c) enhancement." (internal quotation marks omitted)). Accordingly, the District Court did not err in imposing a two-level enhancement under § 3B1.1(c).

## <u>CONCLUSION</u>

We have considered all of the arguments raised by Bedell on appeal and find them to be without merit. For the reasons stated above, the February 5, 2014 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court